## COUNTY OF PISCATAQUIS.

### BRIGGS *versus* DAVIS.

The R. S. chap. 114, sect. 48, authorizing a new summons to be issued and served in certain cases, does not extend to a case in which no summons had been delivered to the defendant, or left at any place or with any person for him.

The taking of depositions in vacation by a defendant to prove the defence, pending a motion by him to dismiss the suit, is not an abandonment of the motion, or a waiver of .the ground upon which it had been presented.

ON EXCEPTIONS from the District Court, HATHAWAY, J.

The Opinion of the Court, SHEPLEY, C. J., WELLS, RICE, and APPLETON, J. J., was drawn up by

APPLETON, J. — The plaintiff in this case on the 10th day of August, 1850, sued out his writ returnable to the November term of the District Court, which was forwarded to the sheriff of Somerset county, by whom it was received, but not in season for service. Instead of returning the writ to the plaintiff, he, twelve days before the return day, attached, or claimed by his return that he had attached, all the real estate of the defendant within his precinct, adding by way of excuse for not having left his summons, that the writ was received two days too late for service. The plaintiff, at the

Briggs *v.* Davis.

November term, entered his action and on his motion notice was ordered on the defendant by serving him with an attested copy of the writ and the order of Court, thirty days before the next term of the Court. On the third day of the next term it was proved, that notice in conformity with the order of Court had been given, and on the fourth day of the same term the defendant's counsel for the first time appeared, entering a special appearance on the docket, and filed his motion to quash the plaintiff's writ. The cause was continued at that term, without action of the Court upon this motion, and in the vacation the defendant, after giving due notice, proceeded to take depositions to be used in this cause. At the following March term, after duly considering the defendant's motion, the Court sustained the same, whereupon the plaintiff filed his exceptions.

It is insisted, that these proceedings have been in conformity with the provisions of R. S. chap. 114, § 48; that the ordering a new summons to be issued and served, is a matter of judicial discretion, and that, the Court having exercised that discretion in the premises, the defendant is rightly in Court. But upon examining the statute, it will be perceived, that the plaintiff has entirely failed in bringing his case within either its language or its meaning. The defendant is a resident of this State, and is so described in the writ. No service whatever had been made on him before the entry of the action. Indeed, no service whatever had been made. Now the section relied upon refers only to the case, where a summons or copy had been left, but where, by reason of some mistake of the officer or the plaintiff as to the place where, the time when, or the person with whom the same had been left, the service is defective or insufficient, and in such case it gives the Court power, at its discretion, to order a new summons to be issued and served, and provides that such service shall be as effectual as if made on the original writ. But here, no summons having been left, there is no mistake of the plaintiff or of the officer, to be corrected. The order

of Court was improvidently issued, the service was without any authority from the provisions of the statute, the facts, upon which the Court is empowered to act, having never existed.

Though this may be so, the plaintiff's counsel still claim that the defendant has waived these defects, if they are to be so termed, in the service, and that, on account of such waiver, the motion to quash should have been refused. The facts, which, in this aspect of the case, are relied upon, are the lateness of time when the motion was filed, and that depositions, at his instance, were taken in the vacation occurring after the filing of his motion. The appearance was special and for the very purpose of taking advantage of defects. The proof that service had been made in conformity with the order of Court was made on the third day of the term and on the fourth the appearance was entered and the motion filed. The defendant was not bound to appear till after notice had been proved, for till then he could not know that the plaintiff would claim to proceed. Neither was he bound to file any motion till after proof had been given of a compliance with the order of Court. The motion was made on the next day after such proof, and was seasonably made. The rules of the Supreme Court, which have been referred to, have no application, as they were not binding on the District Court, which has its own rules.

The defendant could not know what would be the result of his motion. He therefore made preparation against the contingency of its being overruled by taking depositions. The general issue had not been joined. The motion was then pending, the cause having been continued by mutual agreement. This cannot be deemed a waiver of his motion, but is rather to be regarded as a prudent precaution on his part.

*Exceptions overruled.*

*Holmes,* for the plaintiff.

*O. D. Merrick,* for the defendant.