# RUBLE *v.* COYOTE G. & S. M. Co.

INJUNCTION—DAMAGES.—In the absence of malice and want of probable cause a party injured by a preliminary injunction, improperly issued, is confined to his remedy upon the undertaking given by the party procuring the same.

REMEDY AT LAW.—Whether the remedy of the injured party be upon the undertaking or, under peculiar circumstances, an action on the case, he must seek his relief at law, and not in equity.

IDEM.—The undertaking being in terms joint, but the injury being several, owing to the distinct interests of the parties enjoined, in the property affected by the injunction, and the amounts of damage suffered by them being different, will not entitle them to sue in equity; there is still an adequate remedy at law under the provisions of the civil code.

APPEAL from Marion County.

*Thayer & Williams,* for appellant.

*W. H. Holmes,* for respondent.

By the Court, WATSON, J.:

This was a suit in equity, brought by the appellants, Wm. and Walter Ruble, against the respondents, The Coyote Gold and Silver Mining Company being principal and E. F. Walker surety, to recover damages upon their undertaking for an injunction, in the sum of $2,500, that being the amount of the penalty expressed therein, and to obtain judgment against said principal for an additional sum which appellants claim to have been damaged by reason of such injunction, in excess of the sum of $2,500, secured by the undertaking. The complaint alleged that the appellants owned the mining property, which was covered by the injunction, in severalty, and that William Ruble's damage, in respect to his portion thereof was $6,250, and that Walter Ruble's damage, in respect to his individual portion thereof, was $5,500. A demurrer was filed to the complaint upon the grounds: First, Want of jurisdiction over the subject

matter of the suit and persons of the respondents. Second: Improper joinder of distinct causes of suit. Third, Insufficiency of facts stated to constitute any cause of suit.

The demurrer was overruled; respondents answered; appellants replied; some testimony was taken and submitted by the appellants, and on the final hearing the circuit court dismissed the suit with costs to the respondents. The appeal is from this decree.

We are so well satisfied that the appellants' remedy was at law, if he was entitled to any relief at all, that we shall not consider the issues of fact made by the pleadings as they now stand, or the testimony in relation thereto. The pleadings fail to show a case cognizable in a court of equity, and the demurrer should have been sustained.

The matter relied upon by the appellants to sustain the equity jurisdiction are: the inadequacy of the amount specified in the undertaking compared with the amount of damage claimed; the joint character of the undertaking and the several character of their interests intended to be protected, and the necessity of equity interposition to settle the rights of all parties and give full relief. As to the first proposition, the complaint does not show facts entitling them to relief beyond the amount specified in the undertaking, in any form of action. It does not allege that the injunction was sued out or prosecuted by the Coyote Company "maliciously," as well as without probable cause, which all the authorities hold to be necessary even to support an action on the case. *Cox* v. *Taylor*, 10 B. Monroe, (Ky.,) 17; *Lindsay* v. *Larned*, 17 Mass., 189; *Chew* v. *Thompson*, 4 Hals.; 249; *Robinson* v. *Kellum*, 6 Cal., 399.)

Even if it had shown the malice, as well as want of probable cause, by proper averments, and it could be successfully established that the cause of action so arising could be

joined with that arising upon the undertaking, which we need not consider here, still the appellants would have an adequate remedy at law, and consequently not be entitled to maintain this suit in equity. They are the real parties in interest, (sec. 27 Civil Code) and may sue separately or jointly, notwithstanding the joint character of the undertaking. (*Summers* v. *Farish*, 10 Cal., 347; *Browner* v. *Davis*, 15 Id., 9.) And sections 241 and 242 of the code, give the courts of law as full power to try the issues in such a case, and adjust and settle the various rights of the parties, both plaintiff and defendant, as the courts of equity could have. (*Loomis and others* v. *Brown*, 16 Barb., 325.) Besides, sec. 40 of the code authorizes the courts of law to cause any other parties not before them to be brought in, when their presence is necessary to a complete determination of the controversy. The decree of the circuit court is affirmed with costs.

Decree affirmed.