(24 Misc. Rep. 200.)

## LOEB v. SMITH.

(Supreme Court, Appellate Term. July 1, 1898.)

1. JUDGMENT BY DEFAULT—SERVICE OF PROCESS.

A municipal court judgment rendered by default upon proof of service of an alias summons, without any return showing inability to find the defendant, so as to serve him with the original summons, is void.

2. SAME—APPEAL—REVERSAL.

Although such a judgment is void, it is so far to be considered in existence by the appellate court that it may be reversed, and the parties restored to the positions they originally occupied.

Appeal from Seventh district court.

Action by Henry Loeb against Benjamin C. Smith. From a judgment in favor of plaintiff by default, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Samuel S. Waters, for appellant.

GIEGERICH, J. The amended return shows that on the 24th day of December, 1897, a summons was issued by the clerk of the district court in the city of New York for the Seventh judicial district, returnable on the 5th day of January, 1898; that, on the last-mentioned date, an "alias" summons was issued, returnable before the municipal court of the city of New York, borough of Manhattan, Seventh district, on the 17th day of January, 1898; and that, on the said last-mentioned date, judgment was given the plaintiff, by default, upon proof of the service of the summons upon the defendant, on the 6th day of January, 1898. The record fails to disclose any return or affidavit of the person deputed to serve the summons that he could not find the defendant, so as to serve him therewith; and from the uncontradicted averments contained in the affidavit of the defendant's attorney, which forms part of the amended return, such "alias" summons was issued by the clerk without his having required such return or affidavit.

Section 1303 of the consolidation act, which applies to the municipal court of the city of New York (see Birdseye's Greater New York Charter, 45), in part provides:

"If the marshal or other person having the summons to serve cannot find the defendant so as to serve him therewith, as required by this title, he must so return, and the clerk shall, at the request of the plaintiff, continue from time to time to issue others until the defendant is served."

This enactment was evidently designed to prohibit the clerk of a municipal court from issuing an "alias" summons until proof of inability to serve the defendant be presented. Langbein, Law & Prac. N. Y. Dist. Ct. (4th Ed.) p. 161, citing Doughty v. Hess, 13 Daily Reg. (Jan. 26, 1878) No. 22. If this view is well founded, then, as the said court is one of limited jurisdiction, and could only exercise such power as has been specially conferred by statute (Schwartz v. Wechler, 2 Misc. Rep. 67, 71, 20 N. Y. Supp. 861; Hanlon v. Insurance Co., 9 Misc. Rep. 70, 72, 29 N. Y. Supp. 65), it is apparent that, under the circumstances, the "alias" summons was issued without lawful author-

ity, and the court below never acquired jurisdiction to render the judgment appealed from. Therefore the judgment was void, but, although void, it is so far to be considered in existence by this appellate court that it may be reversed, and the parties restored to the position they originally occupied. Allison v. Preserve Co., 20 Misc. Rep. 367, 369, 45 N. Y. Supp. 923; Potter v. Society (decided June 6, 1898) 52 N. Y. Supp. 294.

It follows from these views that the judgment should be reversed, with costs. All concur.