Argued 31 January, decided 26 March, rehearing denied 23 July, 1907.

## WARNER *r.* De ARMOND.

89 Pac. 373, 90 Pac. 1113.

ABATEMENT—DEFECT OF PARTIES.

1. Where an action against several persons alleged to be partners is for a tort, it is no ground for abatement of the action that one of the defendants is not a member of the firm, or that one of the members of the firm is not made a defendant.

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

2. A nonsuit on the ground of contributory negligence in an action for injury to an employee in a sawmill while replacing a belt on a moving pulley by the catching of his clothing on bolts projecting from the sides of the pulley so far as to be liable to catch one's clothing, is properly refused where there was evidence that pulleys were usually constructed so that the bolts did not thus project, that it was customary and proper in this class of sawmills to replace belts on revolving pulleys of such character, that there was no particular danger in doing so if the pulley were properly constructed, that the employee had no knowledge of the defect, and that in putting on the belt he was discharging the duties usually required and expected of an employee in his situation.

PERSONAL INJURIES—EVIDENCE AS TO EXISTENCE AND NUMBER OF PLAINTIFF'S FAMILY NOT HARMLESS.*

3. In a personal injury case evidence that plaintiff had a family, consisting of a wife and children, is irrelevant and improper, and the error is not rendered harmless by the statement of the court, on overruling an objection to the evidence, that plaintiff could not recover anything by reason of his having a family, but that the evidence was competent, as showing the conditions which might affect his mental feelings, nothing further in the way of instructions or otherwise having been done in regard to the evidence.

MASTER AND SERVANT—LIABILITY FOR USING INFERIOR MACHINERY.

4. In an action for injuries to an employee in a mill, caused by the catching of his clothing on bolts projecting from a revolving pulley, it is competent to show that such pulleys are commonly used in mills of that class, an employer using machinery in common use not being liable for an accident which might have been prevented by the use of different machinery, in the absence of a statute providing the kind and character of machinery to be used or regulating the use thereof.

---

*NOTE.—To the same effect is *Maynard* v. *Oregon Railroad Co.* 46 Or. 15.

From Josephine: HIERO K. HANNA, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is an action against E. C. De Armond, R. L. De Armond, Hugh De Armond, and C. E. McClane, alleged to be partners, doing business under the firm name and style of E. C. De Armond & Sons, to recover damages for a personal injury. The complaint, after alleging the partnership of defendants, averred that on or prior to May 4, 1904, they were the owners of a sawmill, and shortly prior to such date employed the plaintiff to perform labor and services as a millwright in repairing the carriage therein; that at the time of the employment defendants represented to plaintiff that the mill was otherwise in complete repair and good running order, in consequence of which he made no inspection of the other machinery or fittings; that after the work on the carriage had been completed plaintiff remained in defendants' employ at their request to assist generally in starting the mill and making such additional alterations or repairs as might be necessary; that after the mill had been started and while plaintiff was so employed, it became and was his duty to replace a belt on a pulley running at a speed of from 1,200 to 1,400 revolutions per minute, and while so engaged, and without any fault or negligence on his part, his clothing became entangled on certain bolts projecting from such pulley, whereby his left arm was torn from the body at the elbow joint; that such pulley was made of wood and was fastened together with bolts running through from side to side; that in constructing the same the defendants negligently and carelessly caused and permitted such bolts to project a distance of two or three inches, which projections could not be observed while the pulley was revolving at the usual rate of speed, and was highly dangerous to persons working about such pulley or employed in replacing a belt thereon in the manner required in the operation of the mill; that plaintiff had no notice or knowledge of the manner in which the pulley was constructed or the danger of such projecting bolts; that defendants had full knowledge of the condition of such pulley, but failed and neglected to warn plaintiff

thereof.   The defendants answered by way of abatement that
C. E. McClane was not a member of the firm of E. C. De Ar-
mond & Sons, but that Mary McClane was such partner.   A
demurrer to this plea was sustained and the defendants E. C.
De Armond, R. L. De Armond, and Hugh De Armond answered
jointly, denying the negligence charged in the complaint and
setting up as a defense contributory negligence on the part of
the plaintiff.   The defendant C. E. McClane denied that he was
a partner in the firm of E. C. De Armond & Sons, or in any
way liable for the injury to plaintiff.   Upon the issues thus
joined the cause was tried to a jury, resulting in a verdict and
judgment in favor of plaintiff and against E. C. De Armond,
R. L. De Armond and Hugh De Armond, and they have ap-
pealed.                                                REVERSED.

For appellants there was a brief with oral arguments by
*Mr. W. C. Hale* and *Mr. Robert Glenn Smith.*

For respondent there was a brief and an oral argument by
*Mr. H. D. Norton.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

1. There was no error in sustaining the demurrer to the plea
in abatement.   This is an action for tort, and in such cases
partners are liable jointly and severally.   The injured party may,
at his election, proceed against all or such a number of the part-
ners as he may choose, and it is no defense that other partners
are not joined, or that persons not partners have been made
defendants: Burdick, Partnership (2 ed.), 266; Story, Part-
nership, § 167; Pomeroy, Code Rem. (4 ed.), § 208; *Roberts* v.
*Johnson,* 58 N. Y. 613; *Mode* v. *Penland,* 93 N. C. 292.

2. It is claimed that the court erred in overruling a motion
for nonsuit based on the contention that it appears from the
complaint and the evidence that it was such contributory negli-
gence in the plaintiff to attempt to replace the belt while the
pulley was in motion as will preclude a recovery.   The evidence
tended to show that defendants were preparing to start their
mill for the season's work and employed the plaintiff, who is an

experienced millwright, to do some repairing in and about the mill carriage, and temporarily to assist generally in getting the mill in running order and to work until permanent places should be assigned to the various employes. After the repairs for which he was employed were completed, the mill was started, and plaintiff assisted by direction of the defendants in operating the edger, cut-off saw, removing slabs and the like, and "worked around generally," but was not assigned to any particular work. While he was so employed the belt which furnished the power for the cut-off saw slipped from the pulley, and he attempted to put it on, which he "could have done very easy" if the pulley had been a smooth one. His clothing caught on the projecting bolts, and his arm was drawn under the belt and torn from the body. The pulley was what is known as a wooden split pulley, each half being made of three pieces of wood nailed or otherwise fastened together, and having fastened thereon a wooden shoulder through which run bolts to clamp the halves together and hold the pulley on the shaft. The bolts were not countersunk, but the ends were allowed to project such a distance from the shoulder that clothing or any like substance coming in contact with them while the pulley was revolving was liable to be caught and wound around the shaft. When the pulley was in operation these bolts were not visible, and plaintiff had no knowledge of their existence, nor had he been warned of the dangerous or defective condition of the pulley. The plaintiff testified that it was not usual in constructing such pulleys to leave the ends of the bolts so projecting, that it was customary and proper in mills of that character to replace belts on revolving pulleys of the kind and character referred to, and that there was no particular danger in doing so if the pulley was properly constructed. There was, therefore, evidence tending to show that the pulley in question was negligently constructed and operated by defendants, that plaintiff had no knowledge or information of its defective condition, that at the time of his injury he was in the discharge of the duties usually required and expected of an employe in his situation, and that he

did not act heedlessly or recklessly in attempting to replace the belt. Much of this evidence is contradicted and disputed by the defendants, but its weight was for the jury, and there was no error in overruling the motion for a nonsuit.

3. Upon the trial the plaintiff was allowed to testify, over defendants' objection, that he had a family consisting of a wife and four children, the eldest of whom was 12 years of age and the youngest 2. This evidence had no legitimate bearing upon the issue to be tried, was calculated to arouse the sympathy of the jury and unduly increase the damages, and was, therefore, irrelevant and incompetent. The damages for a personal injury must be only such as the plaintiff himself has sustained and in law is not dependent in the slightest upon his domestic relations or the size of his family: *Pennsylvania Co.* v. *Roy,* 102 U. S. 451 (26 L. ed. 141) ; *Louisville & N. Ry. Co.* v. *Binion,* 107 Ala. 645 (18 South. 75) ; *Pittsburg. etc., Ry. Co.* v. *Powers,* 74 Ill. 341; *Kansas Pac. Ry. Co.* v. *Pointer,* 9 Kan. 620; *Stephens* v. *Hannibal & St. Jo. Ry. Co.* 96 Mo. 207 (9 S. W. 589: 9 Am. St. Rep. 336). In ruling upon the objection to the testimony, the court said that it did not think plaintiff "could recover anything by reason of his having a family, that is, having a wife and family, he could recover nothing in their behalf," but the evidence was competent as showing the conditions surrounding the plaintiff which might affect his mental feelings. No further allusion seems to have been made to this testimony. It was not withdrawn from the consideration of the jury, nor were they instructed to disregard it in estimating the damages, if any, to which plaintiff was entitled, and we do not think this court can say that the error in its admission was harmless, nor that it did not affect the amount of the recovery.

For its admission, the judgment of the court below must be reversed, and a new trial ordered.            REVERSED.

· Decided 23 July, 1907.

ON MOTION FOR REHEARING.    ·    ·

PER CURIAM. In view of another trial, appellant has filed a petition asking the court to pass upon the sufficiency of the complaint and certain alleged errors based upon the rejection of testimony and the refusal to give requested instructions. .

The objection that the complaint does not state facts sufficient to constitute a cause of action, because it shows on its face that the accident to the plaintiff was caused by his contributory negligence, is disposed of by what is said in the opinion on the motion for a nonsuit, and need not further be elaborated.

4. Testimony that the pulley which caused the injury to the plaintiff was such as is commonly and ordinarily used in sawmills of the character operated by defendants was competent. An employer who uses machinery which is in common use in the line of business in which he is engaged is not liable for an accident caused thereby to an employe, which might have been prevented by the use of different machinery, in the absence of a statute providing the kind and character of machinery to be used or regulating the use thereof: *Duntley* v. *Inman,* 42 Or. 334 (70 Pac. 529: 59 L. R. A. 785) ; *Hoffman* v. *American Foundry Co.* 18 Wash. 287 (51 Pac. 385).

The material parts of the instructions refused were, it seems to us, embodied in the charge as given.

REVERSED: REHEARING DENIED.