Reargued on rehearing March 13, former opinion reversed and judgment affirmed March 27, 1917.

## LANE *v.* BALL.

(160 Pac. 144; 163 Pac. 975.)

**Limitation of Actions—Accrual of Right of Action—False Imprisonment.**

1. The statute of limitation against the right to redress for false imprisonment began to run on the date of an order for plaintiff's discharge.

**Limitation of Actions—What Constitutes—Commencement of Action —Statutes.**

2. Under Section 8, L. O. L., providing that an action for false imprisonment must be commenced within two years, and Section 15, providing that an attempt to commence an action shall be deemed equivalent to the commencement thereof, when complaint is filed and summons delivered, with intent that it shall be actually served, to the sheriff or other officer of the county, an action for false imprisonment was commenced where a complaint was filed and summons for several defendants, but only one copy of the complaint, was delivered to the sheriff.

**False Imprisonment—Malicious Prosecution Distinguished—Pleading —Complaint.**

3. Where a complaint charged that defendants caused plaintiff's imprisonment under an execution order unlawfully issued by defendant clerk of court without authority, directing the sheriff to arrest and imprison him, the gist of the action is false imprisonment and not malicious prosecution, since an action for false imprisonment may be

maintained where the imprisonment is without legal authority; but where there is a valid, or apparently valid, power to arrest, the remedy is by action for malicious prosecution.

[As to what amounts to false imprisonment, see note in 118 Am. St. Rep. 719.]

### False Imprisonment—Pleading—Complaint—Sufficiency.

4. A complaint for false imprisonment, which alleged that defendants caused plaintiff to be imprisoned under an execution order issued by defendant clerk of court without legal authority, directing the sheriff to arrest and imprison him, was sufficient, although it did not aver want of probable cause.

### Process—Summons—Service—Statute.

5. Under Section 55, subdivision 5, L. O. L., providing that the summons shall be served by delivering a copy thereof with a copy of the complaint to defendant personally, where summons in due form was served on joint defendants in a law action, but the sheriff delivered a copy of complaint to only one defendant, no jurisdiction of the persons of the other defendants was secured by such attempted service.

### Judgment—Validity—Defect in Summons.

6. A defect in the form or matter of a summons not absolutely destructive of its validity, although material and sufficient to cause a reversal of the judgment, does not deprive the court of jurisdiction, and therefore does not expose the judgment to collateral impeachment.

### Process—Quashing—Ground.

7. As the power of a court to quash a summons must rest upon the assumption that it is void, and authority to set aside attempted service of summons is upon the theory that the exhibition of original or delivery of certified copy was ineffectual because of failure to comply with the statute regulating the service, a defect in the return of a summons is not reached by a motion to quash, but must be assailed by an application to set aside the service.

### Torts—Pleading—Joinder of Defendants.

8. In an action for false imprisonment against several defendants plaintiff had an election to proceed against any or all of them, as one joint wrongdoer cannot complain that others, equally guilty, are not united with him.

### Dismissal and Nonsuit—Joint Defendants—Right to Dismiss.

9. In an action for false imprisonment against several defendants, plaintiff could have dismissed his action as to some of the defendants without affecting the merits of the cause as to the others.

### Process—Summons—Sufficiency of Service.

10. In an action for false imprisonment against several defendants, where summons in due form was served on each, but a copy of the complaint was served on only one, the service on this defendant was not rendered void in consequence of the direction given the sheriff to deliver a copy of the complaint to him only.

### Limitation of Actions—Statutes—Construction—Commencement of Action.

11. Section 14, L. O. L., providing that an action shall be deemed commenced as to each defendant when the complaint is filed and the summons served on him, or on a codefendant who is a joint contractor, "or otherwise united in interest with him," means a defendant in an action arising out of a joint contract, and an action for false imprisonment against joint defendants was not deemed commenced against defendants who were only served with summons by proper service of summons and copy of complaint on one defendant.

### Process—Summons—Right to Serve Additional Summons—Statute.

12. Under Section 60, L. O. L., providing that whenever it shall appear from the return of the sheriff, etc., that defendant is not found, plaintiff may deliver another summons to be served or may proceed by publication at his election, when construed with Section 56, subdivision 2, providing for service by publication upon affidavit in cases there specified, and Section 57, which provides that when publication has been ordered, personal service outside of the state shall be equivalent to publication and deposit in the postoffice, in an action against joint defendants, where plaintiff failed to have copies of the complaint served upon defendants except one, he had the right, at any time before the statute of limitations had run, to issue another summons without a return of "not found," and cause it and certified copies of the complaint to be served upon the parties as to whom prior attempted service was ineffectual.

### ON REHEARING.

### Malicious Prosecution—Pleading—Proof.

13. In an action for malicious prosecution, it is necessary to aver and prove that the suit out of which the alleged illegal imprisonment arose has completely terminated in favor of the plaintiff, or that it has been abandoned by the defendant.

### Process—Malicious Abuse of Process—Pleading—Proof.

14. In an action for a malicious abuse of process, it is not essential to aver or show that the action pursuant to which the process was issued has terminated.

### Limitation of Actions—Accrual of Cause of Action—Malicious Prosecution—Malicious Abuse of Process.

15. The distinction between an action for false imprisonment and one for malicious abuse of process in respect to the statute of limitations is that as to the former the time so prescribed does not begin to run until the prior action, pursuant to which the process was issued, has finally terminated in plaintiff's favor, while as to the latter the cause of action arises when the plaintiff is apprehended under a valid writ for some collateral purpose.

### Limitation of Actions—Accrual of Cause of Action—Malicious Abuse of Process.

16. When damages are undertaken to be recovered for a malicious abuse of process, though a cause of action arises when a plaintiff is unlawfully restrained of his liberty, each day's imprisonment necessarily augments the indemnity to which he is justly entitled; so, if

any part of the incarceration be included within the two years prior to the commencement of the action for the recovery of damages, the statute of limitations has not run as against that period.

Process — Malicious Abuse of Process — Pleading—Complaint—Sufficiency.

17. Section 213, L. O. L., provides for a writ of execution to enforce judgments. Section 214 provides for execution against the person of a judgment debtor. Section 218, subdivision 1, provides that, when it appears from the record that a cause of action is also a cause of arrest as prescribed in Section 259, execution against the person of a judgment debtor may issue of course. Subdivision 2 provides that, when no cause of arrest appears from the record, such execution may issue, etc., upon leave of the court. Subdivision 3 provides, when the defendant has been provisionally arrested in the action, or an order has been made allowing such arrest, and in either case the order has not been vacated, such execution may issue of course. Section 259 provides that a defendant may be arrested when he has been guilty of a fraud in contracting the debt or incurring the obligation for which the action is brought, or in concealing or disposing of the property, for the taking, detention or conversion of which the action is brought. A complaint charged that there was rendered against the plaintiff and in favor of the defendant a judgment in which his attorneys were financially interested, and that they and the other defendant acting jointly and illegally for the wrongful purpose of extorting money from the plaintiff, "and without any order or leave of the above court or judge thereof in the premises did wrongfully, unlawfully, and maliciously" cause to be issued on such judgment an execution, pursuant to which command the plaintiff was imprisoned, etc. *Held*, that the complaint neither directly nor inferentially charges that the cause of action wherein the money judgment was rendered against the plaintiff and in favor of the defendant was not also a cause of arrest, and, having failed to negative that fact, failed to state facts sufficient to constitute a cause of action.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

This is an action by Adolphus Lane against W. F. Ball, E. E. Farrington, C. H. Farrington, C. M. White and John B. Coffey.

From a judgment in favor of defendants, plaintiff appeals.

Department 1. Statement by MR. CHIEF JUSTICE MOORE.

The complaint in this action was filed February 23, 1915, and alleges in effect that the defendants E. E. Farrington, C. H. Farrington and C. M. White are and at all the times stated were attorneys at law and en-

gaged in the practice of their profession at Portland, Oregon, and are financially interested in a judgment which they secured in the Circuit Court of the State of Oregon for Multnomah County in favor of the defendant W. F. Ball and against the plaintiff Adolphus Lane; that the defendant John B. Coffey is the county clerk of that county and *ex-officio* clerk of that court:

"That on or about the 15th day of February, 1913, the said defendants, E. E. Farrington, C. H. Farrington, C. M. White and W. F. Ball, acting jointly and illegally and for the wrongful and unlawful purpose of extorting money from this plaintiff and unlawfully compelling plaintiff by and through wrongful and unlawful means and methods to pay over money to said defendant Ball, and his said attorneys and without any order or leave of the above court, or judge thereof, in the premises, did wrongfully, unlawfully and maliciously solicit, procure and induce the said defendant John B. Coffey, then being and acting as clerk of the said circuit court as aforesaid, unlawfully to issue a warrant for the arrest and imprisonment of the above plaintiff, and that the said John B. Coffey, as clerk of the above circuit court as aforesaid, unlawfully acting under and upon the solicitations, inducements and advice of his co-defendants, and in furtherance of the aforesaid unlawful purpose of his co-defendants, did on the 15th day of February, 1913, unlawfully and in violation of the statutes of the state of Oregon, and without any leave or order of the above court or any judge thereof so to do, and in violation of plaintiff's rights in the premises, issue an execution order directing the sheriff of Multnomah County, Oregon, to arrest and imprison the above plaintiff Adolphus Lane, in the county jail of Multnomah County, Oregon, until he should pay certain sums of money then claimed to be due to defendant W. F. Ball and his said attorneys, upon a certain judgment of the above court, or be otherwise discharged."

That Coffey wrongfully and unlawfully caused such execution forthwith to be delivered to such sheriff who

pursuant thereto arrested the plaintiff February 15, 1913, and committed him to the jail of that county where he remained until March 24, 1913, when he was discharged by order of such court which held that the writ under which he was apprehended and imprisoned was illegal and void, and issued without authority of law, and thereupon canceled such warrant, from which judgment no appeal was taken, and the order has become final; that statements concerning the plaintiff's arrest and imprisonment were published in the press, and became generally known to, and were discussed by his friends and acquaintances, thereby injuring his credit, reputation and social and business standing, causing mental strain and anguish, to his damages in the sum of $10,000 for which judgment was demanded. The day the complaint was filed, a summons regular in form was issued and delivered to the sheriff of that county, having noted thereon the following direction, addressed to such officer and subscribed by plaintiff's counsel, as sanctioned in suits in equity: Section 398, L. O. L. Omitting the address and signature, the direction reads:

"You will please serve a copy of summons upon all defendants herein, and only one copy of complaint, which is to be served upon defendant C. M. White."

The return of the sheriff shows that he served the summons within that state and county by personally delivering a certified copy thereof to each of the defendants, naming them, and that at the same time and place and in the same manner he also delivered to White a certified copy of the complaint. Ball, E. E. Farrington, C. H. Farrington and Coffey, jointly appearing specially on March 5, 1915, moved to quash the summons and the attempted service thereof as to them, on the ground that no copy of the complaint had been

delivered to either. White at the same time, alone appearing specially, moved to quash the summons and the service thereof as to him, for that only one copy of the complaint was served. A second summons was issued March 9, 1915, and served the next day upon Ball, the two Farringtons and Coffey, to each of whom was delivered a certified copy of the complaint. The court on March 15, 1915, sustained the motions referred to, and quashed the first summons and the service thereof as to each of the defendants. Thereupon a third summons was issued and served March 15, 1915, upon White to whom was also delivered a certified copy of the complaint. All the defendants except White, jointly appearing specially March 19, 1915, moved to quash the second summons, attempted to be served upon them, for that the return of the first summons did not state that they were or either of them was not found, and that when the second summons was issued there was then pending in such court and undetermined motions to quash the first summons and the service thereof. White on March 26, 1915, alone appearing specially moved to quash the third summons and the service thereof on substantially the same grounds as last stated. The court on March 29, 1915, quashed the second and third summons and the service thereof, and at the same time made an order permitting the issuance of another summons. Pursuant to such authorization a fourth summons was issued March 30, 1915, and served the same day upon each of the defendants to whom was also delivered a certified copy of the complaint. On April 9, 1915, Ball and Coffey separately, and the other defendants jointly, demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and that the action had not been commenced within the time

limited therefor. Each of these demurrers was sustained April 12, 1915. The plaintiff's counsel on the 5th of the next month moved to vacate all the previous rulings made in this cause and for an order directing each of the defendants to file an answer to the complaint. This motion was denied May 24, 1915, the order reciting the overruling of the demurrers, "and that plaintiff has failed to further plead in this action," and concluding as follows:

"Now, therefore, it is considered and adjudged by the court that defendants go hence without day, and recover of the plaintiff their costs and disbursements herein expended, taxed at $13.65."

From this judgment the plaintiff appeals.

REVERSED AND REMANDED.

For appellant there was a brief over the names of *Mr. Allan R. Joy* and *Messrs. Logan & Smith,* with an oral argument by *Mr. Joy.*

For respondents there was a brief and an oral argument by *Mr. C. M. White.*

Opinion by MR. CHIEF JUSTICE MOORE.

1, 2. It will be remembered the complaint charges that the defendants acting jointly and illegally and for the wrongful and unlawful purpose of extorting money from the plaintiff by wrongful means caused an execution to be issued directing the sheriff to arrest and imprison the plaintiff in the county jail until he should pay Ball and his attorneys, defendants herein, the sum due on the judgment, and that pursuant to such writ the plaintiff was arrested February 15, 1913, and so imprisoned until the 24th of the next month when he was discharged by order of the Circuit Court of Multnomah

County, Oregon, which judgment had become final. The initiatory pleading, however, does not aver a want of probable cause. The plaintiff could not maintain an action for false imprisonment until he was discharged from the alleged illegal restraint, and an order to that effect having been made March 24, 1913, the statute of limitations began to run on that date against his right to redress for the injury of which he complains. This being so, it becomes important to consider some clauses of the statute regulating the proceedings in a case of this kind:

"An action for assault, battery, false imprisonment, for criminal conversation, or for any injury to the person or rights of another, not arising on contract," must be commenced within two years from the time the cause arose: Section 8, L. O. L.

"An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this title, when the complaint is filed, and the summons delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county, in which the defendants or one of them usually or last resided: Section 15, L. O. L."

It will be kept in mind that the complaint herein was filed February 23, 1915, on which day the summons was undertaken to be served. Two years, therefore, had not elapsed when this action was commenced.

3. Though the demurrers interposed assign two grounds, such written objections to the initiatory pleading were evidently upheld on the assumption that the complaint did not state facts sufficient to constitute a cause of action, for the order dismissing the action stated that after the demurrers were sustained the plaintiff failed further to plead.

The primary inquiry, therefore, is whether or not the complaint is sufficient when its averments are

directly challenged at the proper time and in a formal manner. If the gravamen of the action is malicious prosecution, it is quite probable the complaint is insufficient for in an action of that kind the averment of a want of probable cause, in respect to the alleged illegal restraint, seems to be essential:

"In actions for malicious prosecution the real controversy," says a text-writer, "is generally upon the question of probable cause, the want of which is a vital and indispensable element in the plaintiff's case, and as to which the burden of proof is upon him": Newell. Mal. Pros., 267.

In another clause of this work it is said:

"To support this action it must be alleged (1) that a prosecution was commenced against the plaintiff; (2) that it was instituted or instigated by the defendant; (3) that it was malicious; (4) that it was without probable cause; and (5) that it has been legally and finally terminated in the plaintiff's favor": Id. 397.

This author in another section observes:

"An action to recover the damages sustained by reason of the abuse of legal process differs materially from actions for malicious prosecution and false imprisonment, both in matter of pleading and proof. * * And it is not necessary that actual malice should be alleged in terms or explicitly proved; that the action may be maintained against any one who wrongfully sues, arrests and imprisons a party for a wrongful or fictitious claim, without alleging or proving a want of probable cause": Id. 404.

In *Roberts* v. *Thomas,* 135 Ky. 63 (121 S. W. 961, 21 Ann. Cas. 456, 457), it is said:

"There is a well-marked distinction between an action for false imprisonment and an action for malicious prosecution. An action for false imprisonment may be maintained where the imprisonment is without legal authority. But where there is a valid or apparently

valid power to arrest, the remedy is by an action for malicious prosecution.''

In *Southern Ry* v. *Shirley,* 121 Ky. 863 (90 S. W. 597, 12 Ann. Cas. 33), it was determined that in an action for false imprisonment it was unnecessary to allege or prove that the imprisonment complained of was without probable cause. See the exhaustive notes to this case upon that subject.

In *Wood* v. *Graves,* 144 Mass. 365, 367 (11 N. E. 567, 576, 59 Am. Rep. 95), it was ruled that an action for false imprisonment would lie for the misuse or abuse of legal process after it had issued, beyond the mere fact of arrest and detention. In deciding that case it is said:

''Perhaps the most frequent form of such abuse is by working upon the fears of the person under arrest for the purpose of extorting money or other property, or of compelling him to sign some paper, to give up some claim, or to do some other act, in accordance with the wishes of those who have control of the prosecution.''

Tested by this rule an examination of the paragraph of the complaint hereinbefore quoted will show that the gist of the action is false imprisonment and not malicious prosecution. In an action to recover damages for the malicious abuse of process, it is unnecessary to allege that the means employed to apprehend and incarcerate the plaintiff was sued out without probable cause: 13 Ency. Pl. & Pr., 442.

4. A different announcement, however, was made in *Ruble* v. *Coyote G. & S. M. Co.,* 10 Or. 39, and reiterated in *Mitchell* v. *Silver Lake Lodge,* 29 Or. 294 (45 Pac. 798). The doctrine so proclaimed is not in harmony with the current authority and may have induced the decision herein on the demurrers. But however

this may be, justice demands a correct rule should be established, when no property right has accrued while relying upon the erroneous decision. We conclude, therefore, that the complaint is sufficient and that the demurrers to that pleading were improperly sustained.

5. This deduction necessitates a consideration of the efficacy of the summons originally issued herein and the validity of the service thereof. The statute prescribing the means of securing jurisdiction of the person of a defendant provides:

"The summons shall contain the name of the court in which the complaint is filed, the names of the parties to the action, and the title thereof. It shall be subscribed by the plaintiff, or his attorney, and directed to the defendant, and shall require him to appear and answer the complaint, as in this section provided, or judgment for want thereof will be taken against him": Section 52, L. O. L.

"There shall also be inserted in the summons a notice, in substance as follows: 1. In any action for the recovery of money or damages only, that the plaintiff will take judgment for the sum specified therein, if the defendant fail to answer the complaint": Section 53, L. O. L.

"The summons shall be served by the sheriff of the county where defendant is found, or by his deputy, or by a person specially appointed by him, or by the court or judge thereof, in which the action is commenced": Section 54, L. O. L.

"The summons shall be served by delivering a copy thereof, together with a copy of the complaint, * * to the defendant personally": Section 55, subd. 5, L. O. L.

The body of the summons in the case at bar is in due form and complies with all these specified requirements. In *Belfils* v. *Flint,* 15 Or. 158, 161 (14 Pac. 295, 296), it was held that the service of a copy of the com-

plaint upon a defendant in a law action was mandatory, the court saying:

"This is a statutory requirement which must be observed before jurisdiction can be assumed or con ferred."

It will be remembered that in obeying the directions of the plaintiff's counsel, the sheriff delivered only one copy of the complaint, which was handed over to the defendant White. This being a law action, no jurisdiction of the persons of the other defendants was secured by such attempted service, though a copy of the summons was delivered to each: 32 Cyc. 449.

6, 7. The power of a court to quash a summons must rest upon the assumption that it is void. A defect in the form or matter of a summons, not absolutely destructive of its validity, although material and sufficient to cause a reversal of the judgment, does not deprive the court of jurisdiction, and therefore does not expose the judgment to collateral impeachment: 23 Cyc. 1075. The authority to set aside the attempted service of a summons proceeds upon the theory that the exhibition of the original or the delivery of a certified copy thereof was ineffectual by reason of some failure to comply with the requirements of the statute regulating the service. Thus a defect in the return of a summons is not reached by a motion to quash, but must be assailed by an application to set aside the service: *Engelke etc. Milling Co.* v. *Grunthal,* 46 Fla. 349 (35 South. 17). So, too, in *Hopkins* v. *Baltimore & O. R. Co.,* 42 W. Va. 535 (26 S. E. 187), a motion to quash a summons and the return of the service of it was sustained on the ground that the constable in delivering back to the court the process which he was required to serve did not certify that the agent of the defendant to whom a copy of the notice was given resided in the

county in which the service was undertaken to be made. But upon appeal it was ruled that the defect mentioned did not affect the summons, or show that the court did not have jurisdiction, and hence could not be the basis of a motion to quash both the summons and the return.

8–10. It will be kept in mind that the complaint charges a joint tort committed by all the defendants. The plaintiff had an election to proceed against any or all of them: Cooley, Torts (3 ed.), 223; Pomeroy's Code Rem. (4 ed.), § 208; *Cooper* v. *Blair*, 14 Or. 255 (12 Pac. 370); *Warner* v. *De Armond*, 49 Or. 199 (89 Pac. 373, 90 Pac. 1113); *Krebs Hop Co.* v. *Taylor*, 52 Or. 627 (97 Pac. 44, 98 Pac. 494). One joint wrongdoer cannot complain that others equally guilty are not united with him: *Scott* v. *Flowers*, 60 Neb. 675 (84 N. W. 81); *Whitman-McNamara T. Co.* v. *Wurm* (Ky.), 66 S. W. 609. At any stage of the proceedings the plaintiff could have dismissed his action as to some of the defendants without affecting the merits of the cause as to the others: *Berkson* v. *Kansas City R. Co.*, 144 Mo. 211 (45 S. W. 1119); *Melson* v. *Thornton*, 113 Ga. 99 (38 S. E. 342). This action can therefore be maintained against the defendant White, if it should be determined that no jurisdiction of the persons of the other defendants was obtained by the attempted service of the summons upon them. It is not to be supposed, however, that the command of plaintiff's counsel addressed to the sheriff requiring him to serve a copy of the complaint only upon White, evidences a purpose voluntarily to dismiss the action as against the other defendants; but it will be assumed, from such direction that the attorney who made the indorsement upon the summons believed the practice in suits in equity, where only one copy of the complaint need be served (Section 398, L. O. L.), also obtained in secur-

ing jurisdiction in actions at law of the person of more than one defendant. The summons, having contained all the information that the statute requires should be imparted, was not rendered void as to White, in consequence of the direction to which reference has been made. This being so, an error was committed in quashing the summons. Its service having been good as to that defendant the court also erred in annulling the service as to him.

11. In order to toll a prescribed limitation, the statute declares:

"An action shall be deemed commenced as to each defendant, when the complaint is filed, and the summons served on him, or on a codefendant who is a joint contractor, or otherwise united in interest with him": Section 14, L. O. L.

The clause, "or otherwise united in interest with him," as used in the enactment last quoted, when interpreted by the rule of *noscitur a sociis,* means a defendant in an action arising out of a joint contract, and not based upon a joint tort: *Patterson* v. *Thompson* (C. C.), 90 Fed. 647. This action is therefore not even deemed to have been commenced against the other defendants by reason of a proper service of the summons upon White.

12. It remains to be seen whether or not, after the return of the original summons, showing all the defendants to have been found by the sheriff, the plaintiff's counsel could, without leave of court, lawfully issue another summons, and if so, did its service upon Ball, E. E. Farrington, C. H. Farrington and Coffey, on March 10, 1915, and within the two-year period of the statute of limitations (Section 8, L. O. L.), confer upon the trial court jurisdiction of their persons? A provision of our statute reads:

"Whenever it shall appear by the return of the sheriff, his deputy, or the person appointed to serve a summons, that the defendant is not found, the plaintiff may deliver another summons to be served, and so on, until service be had; or the plaintiff may proceed by publication as in this chapter provided, at his election": Section 60, L. O. L.

The defendants' counsel, relying upon this enactment, and invoking the rule that the expression of one means of service is the exclusion of all others, cites the cases of *Briggs* v. *Davis,* 34 Me. 158, and *Loeb* v. *Smith,* 24 Misc. Rep. 200 (52 N. Y. Supp. 677), and contends that the right to issue another summons does not exist in Oregon until the original summons is returned *non est inventus.* It will be remembered that Section 52, L. O. L., an excerpt from which is hereinbefore quoted, provides that the summons shall be subscribed by the plaintiff or his attorney. The method thus prescribed for giving notice, which, when properly served, secures jurisdiction of the person of a defendant, relates to the issuing of a summons in an action commenced in a court of record, and does not refer to a court of inferior jurisdiction, such as a Justice's Court where the summons must be issued and signed by the justice: Section 2418, L. O. L. A summons issued by the plaintiff or his attorney in an action instituted in a court of record in Oregon is not "process" within the meaning of that word as used in our Code: Section 1368, L. O. L.; *Bailey* v. *Williams,* 6 Or. 71; *Whitney* v. *Blackburn,* 17 Or. 564 (21 Pac. 874, 11 Am. St. Rep. 857). As to the case of *Briggs* v. *Davis,* 34 Me. 158, it may be stated that actions in the State of Maine are commenced by suing out an original writ which is issued by the clerk of the court. It will thus be seen that the process there employed is judicial. So, too, in *Loeb* v. *Smith,* 24 Misc. Rep. 200 (52 N. Y. Supp. 677),

it is stated that "a summons was issued by the clerk of the District Court in the city of New York." The process there sued out was unquestionably judicial, though in courts of superior jurisdiction in the State of New York an action is commenced by the service of the summons, which notice must be subscribed by the plaintiff's attorney. The cases thus relied upon are not controlling in Oregon where a summons issued in an action instituted in a court of record is not process, nor more than a mere notice to the defendant upon whom it is served. Section 55, L. O. L., specifies the matter of serving a summons. The next section of the Code, so far as involved herein, reads:

"When service of the summons cannot be made as prescribed in the last preceding section, and the defendant after due diligence cannot be found within the state, and when that fact appears by affidavit to the satisfaction of the court or judge thereof; * * ; and it also appears that a cause of action exists against the defendant, * * the court or judge thereof * * shall grant an order that the service be made by publication of a summons in either of the following cases: * * 2. When the defendant, being a resident of this State, has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or with like intent keeps himself concealed therein, or has departed from the State and remained absent therefrom six consecutive weeks."

Section 57 contains a clause as follows:

"When publication is ordered, personal service of a copy of the summons and complaint out of the State shall be equivalent to publication and deposit in the post office. * * Personal service of a summons without the State may be made by any person not a party to the suit or action, and proof thereof made by his affidavit."

The publication of a summons when ordered must be made in a newspaper of general circulation published in the county where the action or suit is commenced, if there be such a paper: Section 58, L. O. L. The defendant against whom publication is ordered, on application and showing a sufficient cause at any time before judgment is rendered, shall be allowed to defend the action; and for like reasons and upon such terms as may be just he may also be permitted to defend at any time within one year from the entry of the judgment: Section 59, L. O. L. Section 60, L. O. L., upon which the defendants' counsel relies, has been hereinbefore set forth. That section is the concluding part of the statute with reference to the service of a summons by publication, and should be construed in connection with subdivision 2 of Section 56, which provides for the service of a summons by publication in the cases there specified. Section 60 should also be interpreted in conjunction with Section 57, which provides that when the publication of a summons has been ordered, personal service of a copy of the summons and complaint out of the State shall be equivalent to publication and deposit in the postoffice.

When it is kept in mind that every summons issued in a suit or action instituted in a court of record in Oregon must be subscribed by the plaintiff or his attorney, it is believed that the latter part of Section 60, L. O. L., relates to the service of a summons, either personally or by publication, after an order has been secured for service by the latter method. "In the absence of statutory authority a court," says a text-writer, "has no power to issue process to be executed beyond the limits of its territorial jurisdiction": 32 Cyc. 427. This authority has been conferred upon a court or judge thereof or a justice of the peace, when it satisfactorily

appears by affidavit that the defendant, after due dili-
gence, cannot be found within the State, and when it
also appears that a cause of action exists against the
defendant: Section 56, L. O. L. An examination of
that section will show that its provisions do not de-
mand the return of a summons *non est inventus* as a
condition precedent to the issuing of an order for ser-
vice by publication, nor is a return of the summons
"not found" a prerequisite for the making of such an
order: *Bank of Colfax* v. *Richardson,* 34 Or. 518 (54
Pac. 359, 75 Am. St. Rep. 664). The fact that such re-
turn is not required to be indorsed upon the summons
before an order for its publication has been issued
(Section 56, L. O. L.), but is demanded when it appears
by the return of the officer or person appointed to serve
the summons "that the defendant is not found,"
strengthens the conclusion we have reached that the
latter section relates to, and governs, the service when
attempt has been made to serve it pursuant to an order
for its publication.

Under the practice prevailing in this State, a sum-
mons, not being process, is nothing more than a mere
notice to the defendant in a suit or action instituted in
a court of record, warning him that if he fail to appear
and answer the complaint within the time limited, judg-
ment will be taken against him for the sum demanded,
or that the plaintiff will apply to the court for the
relief prayed for in the initiatory pleading. As a sum-
mons, whether served personally or by publication
pursuant to an order therefor, is in every instance sub-
scribed by the plaintiff or his attorney, the issuing of
a second or a subsequent summons is not an *alias* or
*pluries* writ, and hence need not contain the clause "as
we have heretofore commanded you," or "as we have
often commanded you," since such notice in a court of

record is not issued by the clerk. In this State a summons issued in a suit or action commenced in such court is an original notice, and though a return thereof is provided for (Section 54, L. O. L.), such delivery back is essential to show the court had jurisdiction of the person of the defendant, only when he has not appeared, answered, nor otherwise admitted the authority of the court over him: *Albright-Pryor Co.* v. *Pacific Selling Co.*, 126 Ga. 498 (55 S. E. 251, 115 Am. St. Rep. 108).

Though the question is not here involved it is believed a plaintiff or his attorney, at the commencement of a suit or action in a court of record, may if necessary issue as many summonses as he elects, and thereafter file in court only the notices from the returns of which it appears that one or more of the defendants has been served. The course suggested would be advantageous to a plaintiff when a defendant was attempting to flee the state so as to avoid the personal service upon him of a summons and a certified copy of the complaint in a law action. But however this may be, the plaintiff's counsel herein when he ascertained a mistake had been made in failing to have copies of the complaint served upon any of the defendants except White, had the right at any time before the statute of limitations had run against his client's right, to issue another summons and cause it and certified copies of the complaint to be served upon the parties as to whom the prior attempted service was ineffectual.

Many other reasons are assigned by defendants' counsel to support the conclusion reached by the trial court herein and authorities are cited as tending to uphold the contention thus made. A careful examination of the decisions thus relied upon leads to the conclusion that they are not in point under a statute like ours.

It follows from these considerations that the judgment is reversed as to each of the defendants and the cause is remanded for such further proceedings as may be necessary, not inconsistent with this opinion.

REVERSED AND REMANDED.

MR. JUSTICE BENSON, MR. JUSTICE BURNETT and MR. JUSTICE HARRIS concur.

---

Former opinion reversed and judgment affirmed March 27, 1917.

ON REHEARING.

(163 Pac. 975.)

The opinion heretofore rendered in this cause set aside and judgment below affirmed.          AFFIRMED.

*Mr. C. M. White,* for respondents.

*Mr. Allan R. Joy* and *Messrs. Logan & Smith,* for appellant.

In Banc.    MR. JUSTICE MOORE delivered the opinion of the court.

A rehearing herein having been granted it was maintained that if the averments of the complaint be construed as stating facts constituting an abuse of process, the right to the relief sought arose when the plaintiff was imprisoned, and as the action was not commenced within two years from that time the statute of limitations had fully run, and this being so, an error was committed in reversing the judgment.

13. In an action for malicious prosecution it is necessary to aver and prove that the suit out of which the

alleged illegal imprisonment arose has completely terminated in favor of the plaintiff, or that it has been abandoned by the defendant: Chapin, Torts, 489; 1 Cooley, Torts (3 ed.), 339; *Merriman* v. *Morgan,* 7 Or. 68; *Brown* v. *Randall,* 36 Conn. 56 (4 Am. Rep. 35); *O'Brien* v. *Barry,* 106 Mass. 300 (8 Am. Rep. 329); *Cardival* v. *Smith,* 109 Mass. 158 (12 Am. Rep. 682); *Graves* v. *Dawson,* 130 Mass. 78 (39 Am. Rep. 429).

14. In an action for a malicious abuse of process, however, it is not essential to aver or show that the action pursuant to which the process was issued has terminated: Chapin, Torts, 495; 1 Cooley, Torts (3 ed.), 356; 13 Ency. Pl. & Pr. 452; 2 Greenleaf Ev. (14 ed.), § 452; *Pittsburg etc. R. Co.* v. *Wakefield Hardware Co.,* 138 N. C. 174 (50 S. E. 571, 3 Ann. Cas. 720); *Malone* v. *Belcher,* 216 Mass. 209 (103 N. E. 637, Ann. Cas. 1915A, 830, 49 L. R. A. (N. S.) 753); *Pope* v. *Pollock,* 46 Ohio St. 367 (21 N. E. 356, 15 Am. St. Rep. 608, 4 L. R. A. 255, n. 256); *Antcliff* v. *Jones,* 81 Mich. 477 (45 N. W. 1019, 21 Am. St. Rep. 533, 10 L. R. A. 621); *Zinn* v. *Rice,* 154 Mass. 1 (27 N. E. 772, 12 L. R. A. 288); *Rothchild* v. *Meyers,* 18 Ill. App. 284; *Page* v. *Cushing,* 38 Me. 523; *White* v. *Apsley Rubber Co.,* 181 Mass. 339 (63 N. E. 885); *Dishaw* v. *Wadleigh,* 15 N. Y. App. Div. 205 (44 N. Y. Supp. 207); *Sneeden* v. *Harris,* 109 N. C. 349 (13 S. E. 920, 14 L. R. A. 389).

15. The distinction between an action for false imprisonment and one for the malicious abuse of process in respect to the statute of limitations is that as to the former the time so prescribed does not begin to run until the prior action, pursuant to which the process was issued, has finally terminated in plaintiff's favor, while as to the latter the cause of action arises when the plaintiff is apprehended under a valid writ for some collateral purpose.

16. From a statement of these legal principles it must follow that when damages are undertaken to be recovered for a malicious abuse of process, though a cause of action arises when a plaintiff is unlawfully restrained of his liberty, each day's imprisonment necessarily augments the indemnity to which he is justly entitled, so that if any part of the incarceration be included within the two years prior to the commencement of the action for the recovery of damages, the statute of limitations has not run as against that period.

The complaint herein charges that the plaintiff was immured in jail from February 15, 1913, to March 24th of that year. This action was commenced February 23, 1915, on which day the summons and a copy of the complaint were personally served upon the defendant C. M. White. Each of the other defendants was served in like manner March 9, 1915. The time under the statute of limitations thus remaining, giving to the computation the most liberal construction possible by excluding the first day and including the last, leaves 29 days as against the defendant White and 15 as to the other defendants. For these respective periods of time the statute of limitations had not run against the plaintiff's right of action, considering that the complaint herein charges a malicious abuse of process.

17. Examining the sufficiency of the complaint reference will be made to the statute regulating the enforcement of a judgment.

"The party in whose favor a judgment is given, which requires the payment of money * * may at any time after the entry thereof have a writ of execution issued for its enforcement": Section 213, L. O. L.

"There shall be three kinds of executions: One against the property of the judgment debtor, another against his person, and the third for the delivery of

the possession of real or personal property'': Section 214, L. O. L.

''The writ of execution shall be issued by the clerk and directed to the sheriff. It shall contain the name of the court, the names of the parties to the action, and the title thereof; it shall substantially describe the judgment, and if it be for money, shall state the amount actually due thereon, and shall require the sheriff substantially as follows: * * 3. If it be against the person of the judgment debtor, it shall require the sheriff to arrest such debtor and commit him to the jail of the county until he shall pay the judgment, with interest, or be discharged according to law'': Section 215, L. O. L.

''If the action be one in which the defendant might have been arrested, as provided by section 259, an execution against the person of the judgment debtor may be issued to any county within the state after the return of the execution against his property, unsatisfied in whole or in part, as follows: 1. When it appears from the record that the cause of action is also a cause of arrest, as prescribed in section 259, such execution may issue of course. 2. When no such cause of arrest appears from the record, such execution may issue for any of the causes prescribed in section 259, that may exist at the time of the application therefor, upon leave of the court or judge thereof. 3. When the defendant has been provisionally arrested in the action, or an order has been made allowing such arrest, and in either case the order has not been vacated, such execution may issue of course. 4. When execution is issued against the person of the defendant by leave of the court, it shall be applied for and allowed in the manner provided in section 260, for allowing a writ of arrest, except that the undertaking need not be for an amount exceeding the judgment'': Section 218, L. O. L.

''No person shall be arrested in an action at law, except as provided in this section. The defendant may be arrested in the following cases: * * 4. When the defendant has been guilty of a fraud in contracting the debt or incurring the obligation for which the action is

brought, or in concealing or disposing of the property, for the taking, detention, or conversion of which the action is brought'': Section 259, L. O. L.

"The mode of proceeding to obtain the arrest of the defendant for any of the causes specified in section 259, shall be as provided in this section: 1. At any time after the commencement of an action at law, and before judgment, the plaintiff in such action shall be entitled to a writ of arrest for such defendant whenever he shall make and file with the clerk of the court in which such action is commenced, or is at the time pending, an affidavit that the plaintiff has a sufficient cause of action therein, and that the case is one of those mentioned in section 259; and shall also make and file with such clerk an undertaking, with one or more sureties, in a sum not less than $100, and equal to the amount for which plaintiff prays judgment'': Section 260, L. O. L.

The complaint charges in effect that there was rendered against the plaintiff and in favor of the defendant Ball a judgment in which his attorneys were financially interested, and that they and the other defendant acting jointly and illegally for the wrongful purpose of extorting money from the plaintiff, "and without any order or leave of the above court or judge thereof in the premises, did wrongfully, unlawfully, and maliciously" cause to be issued on such judgment an execution, pursuant to which command the plaintiff was imprisoned, etc. From this averment it will be seen that the incarceration occurred after the judgment was rendered against the plaintiff, and could not have resulted from an enforcement of the provisional remedy provided by Section 259, L. O. L. "Leave of court or judge thereof" is not required when it appears from the record that the cause of action is also a cause of arrest as prescribed in Section 259, in which case an execution may issue of course: Section 218, subd. 1, L. O. L. The complaint herein neither directly

nor inferentially charges that the cause of action wherein the money judgment was rendered against the plaintiff and in favor of the defendant Ball was not also a cause of arrest. Having failed to negative that fact the initiatory pleading herein did not state facts sufficient to constitute a cause of action.

The parts of the former opinion so far as they relate to a reversal of the judgment and to the writer's views in respect to the cases of *Ruble* v. *Coyote G. & S. M. Co.,* 10 Or. 39, and *Mitchell* v. *Silver Lake Lodge,* 29 Or. 294 (45 Pac. 798), are set aside. The statute of limitations which was the chief question argued at the rehearing has been considered in view of any future action which the plaintiff's counsel may pursue in this cause. It follows that the judgment is affirmed.

AFFIRMED.