Christina LYONS, Plaintiff,

v.

H & R TRANSPORT, INC., aka H & R Transport Limited, aka H & R Reefer Express Limited, aka Fodor Transport (U.S.A.), and Ronald Patrick William, aka William Ronald Patrick, Defendants.

No. CIV.00–1642–HA.

United States District Court, D. Oregon.

July 24, 2001.

Kathryn E. Jackson, Salem, OR, for Plaintiff.

## OPINION AND ORDER

HAGGERTY, District Judge.

This diversity action arises out of an automobile accident that plaintiff alleges was caused by defendant Ronald Patrick William, aka William Ronald Patrick (William), who was employed as a truck driver for H & R Transport, Inc. The accident occurred on December 4, 1998 in Marion County, Oregon. (Complaint at ¶ 6.) She filed her complaint in federal court on November 30, 2000, a few days before Oregon's two-year statute of limitation on personal-injury claims would have expired. *See* ORS 12.110(1) (providing a two-year limitations for personal-injury negligence actions). Plaintiff served H & R Transport within the 60 days provided for under Oregon law, but did not serve William until March 9, 2001. William has filed a motion to dismiss, alleging that the failure to serve him within 60 days has resulted in the expiration of the statute of limitations. Plaintiff argues that the federal rule allowing 120 days for service of process should apply in this diversity action. Fed. R.Civ.P. 4(m). Plaintiff also argues that Oregon law provides that service on William should be considered as completed at the same time that H & R Transport was served, because the defendants are "otherwise united in interest."

### DISCUSSION

The time when an action accrues under Oregon law is governed by ORS 12.020, which provides:

(1) Except as provided in subsection (2) of this section, for the purpose of determining whether an action has been commenced within the time limited, an action shall be deemed commenced as to each defendant, when the complaint is filed, and the summons served on the defendant, or on a codefendant who is a joint contractor, or otherwise united in interest with the defendant.

(2) If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction shall be deemed to have commenced upon the date on which the complaint in the action was filed.

Therefore, a plaintiff may maintain an action in Oregon even if the defendant is served after the statute of limitations has expired, provided that service is made within 60 days after the date on which the complaint was filed, and the complaint was filed within the limitations period. The complaint in this case was filed four days before the statute of limitations expired, but William was not served within the 60 days provided by ORS 12.020(2), but rather within the 120–day period for service allowed under the federal rules.

This case is controlled by *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752–53, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), in which an Oklahoma plaintiff attempted to save his personal injury action by relying

on the federal service rules when faced with an Oklahoma statute which essentially mirrored Oregon's statute. *Walker* affirmed the Court's earlier holding of *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 532, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), that "the requirement of service of summons within the statutory period was an integral part of that state's statute of limitations." *Walker*, 446 U.S. at 746, 100 S.Ct. 1978. Therefore, plaintiff was required to serve William within the 60–day period required by ORS 12.020.

 Plaintiff also contends that ORS 12.020(1) excuses late service on William because it allows service "on a codefendant who is a joint contractor, or otherwise united in interest with the defendant" in lieu of personal service on William. Plaintiff claims that timely service on H & R suffices as service on William. This language in ORS 12.020(1) has been addressed only once by the Oregon courts. In *Lane v. Ball*, 83 Or. 404, 160 P. 144 (1916), the court interpreted an earlier statute with identical language to include only "a defendant in an action arising out of a joint contract, and not based upon a joint tort." *Ball*, 83 Or. at 418, 160 P. 144. Plaintiff tries to fit into this exception to personal service by relying on the employment contract between William and H & R. However, such a reading would result in automatic service, for example, on any employee, or any subcontractor on a construction site. Plaintiff's exception would swallow the rule.

 Finally, plaintiff argues that William deliberately concealed himself from service at his home in Canada, and that the statute should toll the period of concealment. To support this argument, plaintiff has submitted an attestation from the process server in Canada, stating that nobody was home on the first two attempts at service, and that it appeared that some-

one was in the house on a third attempt, but that person did not answer the door.

ORS 12.150 provides that concealment may toll a statute of limitations, but only if the concealment occurs within this state. In this case, the statutory provision relating to concealment does not apply.

### CONCLUSION

Defendant Patrick Ronald William's motion (# 17) to dismiss is granted.