CIRCUIT COURT FOR MULTNOMAH COUNTY, NOVEMBER TERM, 1871.

### WILLIAM MAROONEY, RESPONDENT, *v.* JAMES McKAY, PETITIONER.

PRACTICE.—By the summons it appeared that the court was held in Couch precinct, in Multnomah County; in the return, the constable described himself as, "constable of Couch precinct," without naming the county; the return was held sufficient.

IDEM.—A copy of the complaint, certified by the justice of the peace, is sufficiently certified to authorize its service with the summons.

THE plaintiff obtained judgment before a justice of the peace in an action for work and labor, and the case comes into this court upon a writ of review on petition of the defendant.

In the return on the summons the constable gives his official title, "constable of Couch precinct," without naming the county.

The complaint was in writing, was certified by the justice of the peace only.

The petitioner claims that he was not duly served with summons in the action, and that the justice failed to acquire jurisdiction, in this:

1st. The record does not show that the summons was served by a constable of this county.

2d. The copy of the complaint was not properly certified.

*Mitchell & Dolph,* for the petitioner.

*O. P. Mason,* for the respondent.

BY THE COURT, UPTON, J. It is shown on the summons that the court is held in Couch precinct, in Multnomah County. The summons and return being read as one instrument show in what county, as well as precinct, the constable held office.

The point in regard to certifying to the copy of complaint in a justice's court, raises a question of practice which appears not to have been decided. The general practice act requires that the copy of the complaint, served with the summons, should be certified "by the plaintiff, his agent or attorney, or by the county clerk;" and the act regulating the practice in justices' courts does not expressly mention the subject of certifying, but it provides that the pleadings may be oral or in writing, and, "when the complaint is made orally, the justice must endorse the substance of the same upon the summons." I think that a copy of complaint certified by the justice before whom the cause is pending, may be held sufficient, either upon the assumption that where there is no clerk, *eo momine,* the act may be done by the officer whose duties include the labors usually performed by a clerk; or, since the act when done by the justice of the peace is, of course, done on the motion and implied request of the plaintiff, it may be considered done by his agent.

I cannot think the statute demands such literal and arbitrary construction as to justify reversing a judgment because the copy of the complaint served with the summons was certified by the justice of the peace only.

The judgment should be affirmed.