[Filed April 25, 1887.]

## LOUIS BELFILS, Appellant, *v.* A. C. FLINT, Respondent.

Forcible Entry, Service of Summons in.—Section 8 of the Justice's Act, providing that the defendant shall be required to appear not less than six nor more than twenty days from the date thereof, does not apply to actions of forcible entry and detainer.

Same.—Section 4 of the Forcible Entry and Detainer Act only prescribes that the service is to be made in the same manner, and a return be made as in other cases, and defendant in such case may be required to answer not less than two nor more than four days after service.

Summons, Proof of Service of.—A return to a summons which fails to show that a copy of the complaint certified to by the justice of the peace, before whom the cause was pending, or by the plaintiff or his agent or attorney, is insufficient to sustain a judgment by default.

Appeal from Douglas County. Reversed.

*Wm. R. Willis,* for Appellant.

1. The summons requires the defendant to appear at an earlier day than allowed by law, and a judgment given in such a case will be set aside. (*Hunsucker* v. *Coffin,* 2 Or. 107, 111.)

2. In this case the justice's docket shows no return, and the return on the summons does not show that a certified copy of the complaint was served. (Code, p. 115, § 54, and p. 463, § 7; *York* v. *Crawford,* 42 Miss. 508; *Davis* v. *Patty,* 42 Miss. 509; *Hendley* v. *Baccus,* 32 Tex. 328.)

3. A continuance was granted in this case on motion of plaintiff for more than two days. That this was error, see Code, p. 614, § 6. That such a continuance is a discontinuance of the action, see Cowan's Treatise, § 1227; *Stadler* v. *Moore,* 9 Mich. 264; *Brady* v. *Tabor,* 29 Mich. 199; *Sculler* v. *George,* 31 N. W. Rep. 841.

The complaint does not state facts sufficient to constitute a cause of action, in that it does not show that plaintiff has ever been in possession of said premises. (*Treat* v. *Stuart,* 5 Cal. 113; *Preston* v. *Kehoe,* 15 Cal. 315; *Warburton* v. *Doble,* 38 Cal. 619; *Smith* v. *Galbraith,* 11 Or. 516.)

*W. T. Hume,* for Respondent.

LORD, C. J.—This was an action brought in a Justice's Court to recover the possession of certain premises under the Forcible Entry and Detainer Act. Judgment went against the defendant Belfils in that action, for the possession of the premises for want of an answer. He then applied to the Circuit Court, and obtained a writ of review, which, upon the hearing, that court dismissed, and judgment was entered in accordance therewith, from which he appeals to this court.

*Summons, when returnable.* The first assignment of error is to the effect that, in an action of forcible entry and detainer, a summons which requires the defendant to appear and answer in less than six days after its date is void. The summons was dated October 15, 1886, and required the defendant to appear before the justice on the nineteenth day of October, 1886. The objec-

tion is based on the assumption that section 8 of the Justice's
Act (Code Civ. Proc. 463), is applicable to actions of forcible
entry and detainer. That section provides that the summons
must require the defendant to appear at a time named therein,
not less than six nor more than twenty days from the date thereof.
Section 4 of the Forcible Entry and Detainer Act provides that
the action, except as hereinafter specially provided, shall be in
all respects conducted as other actions before justices of the
peace. Section 5 provides that "the summons shall be served
and returned as in other cases. Such service shall not be less
than two nor more than four days before the day of trial
appointed by the justice." (Misc. Laws, 614.) It is argued
that by force of these provisions, and particularly the words
"shall be served and returned as in other cases," section 8,
*supra*, as to time, applies, and consequently that the summons
was void, as the justice could not bring the cause to trial in less
than six days.

We are not able to concur in this result. The language referred
to, "served and returned as in other cases," only means that the
service is to be made in the same manner, whether personally
or otherwise, as is done in other cases, and that when done,
the officer make a return thereof to the court—a report showing
the manner in which he performed the duty imposed upon him—
as is done in other cases. It has no reference to the time pre-
scribed by section 8 for other actions, as section 5 shows it was
the evident intention to make the time less than that prescribed
by section 8. It only indicates that the modes of doing these
official acts is the same as in other cases, although the time of
appearance of the defendant is shortened after service has been
obtained in this character of action. The action of forcible entry
or unlawful detainer is a summary proceeding, devised to secure
a speedy restitution of the premises forcibly or unlawfully
detained. This being its object, the purpose of section 5, *supra*,
is intended to aid in giving it that effect, which is inconsistent
with the construction claimed.

It is next assigned as error that the court lost jurisdiction by
granting a continuance for more than two days. The transcript

shows that the first service was deemed defective, and that the action was continued in order that another summons might be served.  For myself, I do not think this was a continuance within the meaning of section 6, "that no continuance shall be granted for a longer period than two days, unless the debt," etc., or that the authorities cited sustain a contrary view.  But this assignment becomes unimportant and unnecessary to decide, in view of the fact that the service of the second summons is deemed fatally defective.

*Proof of service of summons.*   The return on the summons does not show that a certified copy of the complaint was served.   It is assumed that a justice of the peace is authorized to certify to the copy of the complaint, although the act regulating the practice in Justice's Court does not expressly mention the subject of certifying.   (See *Marooney* v. *McKay*, 3 Or. 372.)   The provisions of the law applicable are Code, p. 115, § 54; p. 463, § 7; p. 465, §§ 20–22.   Now, the return on the summons does not show that a copy of the complaint certified by the justice of the peace before whom the cause was pending, or certified to by the plaintiff, his agent or attorney, was served on the defendant.   This is a statutory requirement which must be observed before jurisdiction can be assumed or conferred.   Whether it has been complied with or not, we must look to the return of the officer upon whom is imposed this duty.   As the return of that officer does not show that a copy of the complaint, certified as required, was served, the service is insufficient to warrant a judgment by default against the defendant.

For this reason we are constrained to reverse the judgment of the court below, with directions to reverse and set aside the judgment of the Justice's Court.