Submitted on briefs March 4, affirmed March 12, 1918.

## SPENCER v. SMALL.

(171 Pac. 409.)

**Justices of the Peace—Proof of Service—Sufficiency.**

1. Where the sheriff's return on summons did not state that copy of complaint served with summons was certified to be correct by plaintiff, his agent or attorney or the justice, the service was insufficient to warrant a judgment by default, in view of Section 2420, L. O. L., providing that the summons shall be served by delivering a copy thereof, together with a copy of the complaint certified to be correct by plaintiff, his agent or attorney or the justice.

[As to conclusiveness of sheriff's return of service of summons and remedy of persons injured thereby, see note in 124 Am. St. Rep. 756.]

From Tillamook: GEORGE R. BAGLEY, Judge.

In Banc.    Statement by MR. JUSTICE McCAMANT.

This is an action brought for the conversion of an automobile. The defendants justify under an execution sale on a judgment which they allege was recov-

ered by the defendants Small and Urie against the plaintiff Spencer in a Justice's Court in Tillamook County. Plaintiffs deny that any such judgment was rendered. The defendant Burke was a deputy sheriff who is alleged to have conducted the execution sale. It appears that an action was brought against the plaintiff Spencer as alleged and a default judgment was rendered against him. The real dispute has to do with the service of the summons, plaintiffs contending that the record fails to show any service sufficient to support the judgment as against a collateral attack.

Plaintiffs had judgment in the instant case and defendants appeal.                                              AFFIRMED.

For appellants there was a brief submitted over the name of *Mr. E. J. Claussen.*

For respondents there was a brief prepared and submitted by *Mr. George P. Winslow.*

MR. JUSTICE MCCAMANT delivered the opinion of the court.

1. The only error assigned is the exclusion by the court of the summons and the return thereon in the case of Small and Urie against Spencer. The return was as follows:

"State of Oregon,
    County of Tillamook,—ss.

"I hereby certify that I served the within Summons within said State and County on the 23d day of December, 1915, on the within named defendant H. B. Spencer, by delivering a copy thereof prepared and certified to by me as deputy Sheriff, together with a copy of the complaint prepared and certified to by —— to —— personally and in person.

                                        "H. CRENSHAW,
                            "By J. L. BURKE, Deputy."

Section 2420, L. O. L., is as follows:

"The summons shall be served by delivering a copy thereof, together with a copy of the complaint, certified to be correct by the plaintiff, his agent or attorney or the justice, to the defendant in the manner provided for in the Code of Civil Procedure for the service of summons in actions in courts of record. The summons shall be returned to the justice by whom it was issued by the officer serving it, with the proof of such service, or that the defendant cannot be found."

In holding this return insufficient to support a judgment, the Circuit Court followed *Belfils* v. *Flint,* 15 Or. 158, 161 (14 Pac. 295). In this case Mr. Chief Justice Lord said:

"The return on the summons does not show that a copy of the complaint certified by the justice of the peace before whom the cause was pending, or certified to by the plaintiff, his agent or attorney, was served on the defendant. This is a statutory requirement which must be observed before jurisdiction can be assumed or conferred. Whether it has been complied with or not, we must look to the return of the officer upon whom is imposed this duty. As the return of that officer does not show that a copy of the complaint, certified as required, was served, the service is insufficient to warrant a judgment by default against the defendant."

The statute in force at the time the above case was decided provided that in actions in courts of record service should be made as follows:

"The summons shall be served by delivering a copy thereof, together with a copy of the complaint prepared and certified by the plaintiff, his agent or attorney, or by the county clerk": Deady and Lane Code, p. 115, § 54.

The above provision was made applicable to actions in Justice's Courts by Section 7 of the statute govern-

ing procedure in these courts, found on page 463 of the Code. It will be noted that the statute under which *Belfils* v. *Flint* was decided is substantially identical with Section 2420, L. O. L.

*Belfils* v. *Flint* has never been overruled. It is cited with approval in *Lane* v. *Ball*, 83 Or. 404, 415 (160 Pac. 144, 163 Pac. 975). In the case at bar the return fails to show the service on Spencer of a copy of the complaint certified to be correct by the plaintiff, his agent or attorney or by the justice of the peace. This case is therefore not to be distinguished from *Belfils* v. *Flint*.

Defendants cite *Moore Realty Co.* v. *Carr*, 61 Or. 34, 39 (120 Pac. 742), and *Stadelman* v. *Miner*, 83 Or. 348 (155 Pac. 708; 163 Pac. 585, 983). These cases are instructive as to the principles which should be applied when a judicial record is collaterally attacked, but neither of them involved the sufficiency of a sheriff's return on a summons. These authorities do not modify the rule announced in *Belfils* v. *Flint*.

It follows that the judgment should be affirmed, and it is so ordered.                                    AFFIRMED.