Argued  at  Pendleton  November  2,  modified  and  decree  entered
     December 27, 1921, rehearing denied January 17, 1922.

## CROSSEN *v.* CAMPBELL.

### (202 Pac. 745.)

**Trial—Where Parties Stipulated That Court Should Try Every Issue,
     There is No Need to Consider Law Issue, Stayed by Pleading,
     an Equitable Defense.**

1.  Where parties to an action for forcible entry and detainer
stipulated that the court should determine everything involved in
the case without a jury, there was no need for the law issue, which
had been automatically stayed in pursuance of Section 390, Or. L.,
by the pleading of an equitable defense, to proceed further.

**Landlord and Tenant—Evidence Held Sufficient to Show Forcible
     Detainer of Premises.**

2.  Evidence *held* sufficient to show a forcible detainer of prem-
ises by the owner of reversion against tenant.

**Forcible Entry and Detainer—"Forcible Entry" Defined.**

3.  Whenever a party by acts or speech at time of entry gives
those in possession just cause to fear bodily harm if they do not
give way, the entry is deemed forcible, whether the terror is caused
by force of numbers or by arms, indicating a design of using force,
or by actual threats, and there is no necessity to resist if failure
to resist is due to intimidation, or well-founded belief that resist-
ance will be useless.

**Forcible Entry and Detainer—Detainer may be Forcible, Although
     Entry was Peaceable.**

4.  There may be forcible detainer although the entry is peace-
able; and it is not essential that an assault should have been com-
mitted, but it is sufficient if the acts of defendant are such as to
cause a reasonable apprehension of physical violence.

---

4.  Keeping out of possession person entitled thereto, by fear of
personal violence after peaceable entry, as giving right of action
for forcible entry, see notes in **Ann. Cas.** 1912D, 875; **Ann. Cas.**
1916C, 494.

Forcible Entry and Detainer — One Dispossessed not Required to Commit Breach of the Peace in Trying to Regain Possession Before Action.

5. Where possession of real property has been taken in the absence of one legally in possession, and the person illegally in possession refuses to vacate, and declares that he intends to hold by force if necessary, the law affords the injured person a remedy without compelling him, in his efforts to regain possession, to go to the extent of bringing about an actual breach of the peace.

Forcible Entry and Detainer—Equitable Defense That Plaintiff had Forfeited His Lease and Reply Held to Put in Issue Right to Premises.

6. In an action for forcible entry and detainer, an equitable defense pleaded under Section 390, Or. L., setting up in the answer that plaintiff had forfeited his lease, and asking that defendant's possession be ratified, and for equitable relief, which was put in issue by reply, conferred upon the equity side of the court the jurisdiction to decide the question, and, upon its being determined that the lease had not been breached, and that the defendant was entitled to possession, plaintiff's possession was wrongful, and a decree restoring defendant to possession was proper.

Equity—When Equity Once Assumes Jurisdiction, It Will Decide the Entire Subject Matter, Including Necessary Legal Questions.

7. When a court of equity has once assumed jurisdiction, it will reach out and draw into its consideration and determination the entire subject matter, and will retain such jurisdiction until all the matters involved, or growing out of and connected with the subject matter of the suit, are finally disposed of, even though it is thereby required to pass on strictly legal questions or to grant legal remedies.

From Union: GILBERT W. PHELPS, Judge.

In Banc.

On August 18, 1920, Mary Campbell was the owner of a life estate in the N. ½ of the NE. ¼ and the NE. ¼ of the NW. ¼ of section 21, Tp. 3 S., R. 38 E, W. M., in Union County, Oregon, known as the Campbell place, and the defendant, Brooks Campbell, was the owner of the fee in the land subject to the life estate. About June 10, 1918, Mary Campbell, by written lease demised these premises for the period of five years to the plaintiff, Edward Crossen, at an annual cash rental of $400, payable in certain annual

installments. He entered into possession thereof and is claiming under the lease. The lease provided that Crossen should take proper care of the leased premises and farm the same in a good husbandlike manner, but it contained no forfeiture or re-entry clause. On August 18, 1920, Mary Campbell sold and conveyed by quitclaim deed her life estate in these premises to defendant, Brooks Campbell, and at the same time assigned to him this lease and the promissory notes of Edward Crossen for the undue installments of the annual rental for the same. About December 28, 1920, Brooks Campbell, the defendant, in the temporary absence of Edward Crossen, the plaintiff, entered into and took possession of the premises, notified plaintiff that his lease was forfeited, and has since retained and still holds possession, and thereafter refused upon demand to deliver or surrender possession to the plaintiff, and still so refuses. Thereafter, on February 17, 1921, the plaintiff went to the premises and demanded possession thereof from defendant, when defendant refused to surrender possession and declared his purpose to hold and retain possession with all the force necessary to that end. Thereupon the plaintiff brought his action of forcible entry and detainer against defendant for the recovery of the possession of the premises.

The defendant by his answer denied the allegations of the complaint, except "that the defendant is in the possession of the lands and premises described in the complaint, but alleges that defendant is in the peaceable and lawful possession and occupancy of the same." He then set out certain facts constituting an equitable defense to plaintiff's cause of action,

and demanded a forfeiture and cancellation of this lease by the judgment and decree of the court, for the reason that plaintiff had not cultivated the land in a good and husbandlike manner and had committed waste thereon in violation of the terms of the lease.

The plaintiff by his reply admitted defendant's allegations of ownership of these lands and premises subject to his lease, denied the other affirmative allegations of the answer and equitable defense, and concluded by demanding judgment as in his complaint.

When the case came on for trial the parties agreed that the court, without a jury, should try all questions in the case, whether legal or equitable.

After hearing the testimony the court made the following findings:

"1. That the plaintiff has failed to make out a case of forcible entry and detainer against the defendant, and that the law action should be dismissed.

"2. That the plaintiff is the owner of a five year lease of the premises in dispute which lease expires March 1st, 1924, and that said lease is in writing and contains no forfeiture or re-entry clause.

"3. That defendant is the owner in fee of said leased premises subject to said lease.

"4. That the plaintiff has farmed and taken care of said premises in a good and husbandlike manner and to the satisfaction of his lessor, Mary Campbell, and that he has not committed or suffered waste thereon as alleged in defendant's equitable defense and counterclaim.

"5. That the plaintiff is now and was at all times alleged in plaintiff's complaint entitled to the possession of the real property described in plaintiff's complaint, and that the defendant is in the possession thereof.

"6. That the plaintiff has failed to prove that defendant entered into possession of said described lands and premises [describing them], with force,

or that he holds possession of the same by force. Therefore the court finds: That defendant did not enter into possession of said lands and premises by or with force, and that defendant did not and does not hold possession of said premises by force."

Based upon these findings the court rendered a judgment dismissing plaintiff's action and defendant's equitable defense. Neither party was awarded costs. Both parties appeal.        MODIFIED.

For appellant there was a brief over the name of *Messrs. Crawford & Eakin,* with an oral argument by *Mr. T. H. Crawford.*

For cross-appellant there was a brief over the names of *Mr. C. H. Finn* and *Messrs. Cochran & Eberhard,* with an oral argument by *Mr. George T. Cochran.*

BEAN, J.—After a careful reading of the testimony we approve the findings of fact made by the Circuit Court as to the compliance of plaintiff with the stipulations of the lease, and that plaintiff is entitled to the possession of the premises.

1. The main question for determination arises in regard to the kind of judgment or decree that should be entered, where in an action at law the defendant sets up matter in his answer showing that he is entitled to relief arising out of facts requiring the interposition of a court of equity, and material to his defense, according to the provisions of Section 390, Or. L., which was amended in 1917. There seems to be some question in the trial courts in regard to this section as amended. We recently had this section of Or. L. under consideration to a certain extent in the

case of *Acton* v. *Lamberson,* 102 Or. 472 (202 Pac. 421). In such a case, where a reply constituting a defense to the new matter in the answer is filed, the statute declares:

"The parties shall have the same rights in such case as if an original bill embodying the defense or seeking the relief prayed for in such answer or reply had been filed. Equitable relief respecting the subject matter of the suit may thus be obtained by answer, and equitable defenses to new matter contained in the answer may thus be asserted by reply. When such an equitable matter is interposed, the proceedings at law shall be stayed and the case shall thereafter proceed until the determination of the issues thus raised as a suit in equity by which the proceedings at law may be perpetually enjoined or allowed to proceed in accordance with the final decree; or such equitable relief as is proper may be given to either party. If, after determining the equities, as interposed by answer or reply, the case is allowed to proceed at law, the pleadings containing the equitable matter shall be considered withdrawn from the case, and the court shall allow such pleadings in the law action as are now provided for in actions of law."

In the present case the parties stipulated that the court without a jury should determine everything involved in the case. Therefore there was no necessity for the law action, which had been automatically stayed by virtue of the answer and reply, to proceed further separately. The whole matter was for the determination of the court pursuant to the stipulation. Except as regards the question of the defendant's holding possession of the premises by force, to which we will hereafter refer, the defendant set up in his answer new matter constituting an equitable defense. He sought a forfeiture of the lease for the

reason that the plaintiff had not cultivated the land in a good and husbandlike manner in accordance with the terms of the lease, and had committed waste thereon. The matter showing that the defendant was entitled to such equitable relief having been put in issue by the reply, it was incumbent upon defendant to substantiate such allegations by proof. This he failed to do. Therefore there was no defense remaining to plaintiff's complaint.

Prior to the amendment of the section of the statute referred to in the case of *Cody Lbr. Co.* v. *Coach,* 76 Or. 106 (146 Pac. 973), in an action upon promissory notes aggregating over $14,000, the defendant after filing an answer filed a complaint in equity in the nature of a cross-bill, to the effect that the promissory notes were executed in accordance with a certain contract between the parties; and that according to a settlement of the contract the plaintiff, "defendant in the law action," was entitled to a credit of $10,712.35 upon the notes. An answer having been filed setting up new matter which was put in issue by a reply, it was stipulated in open court that plaintiff and defendant submitted to the equity jurisdiction of the court to try their cause. The equitable relief claimed by plaintiff in the equity suit was not sustained. The court rendered a judgment for the amount of the notes. The syllabus in that case reads:

"Where the cross-bill, in an action at law, states a good cause of suit for equitable relief, and the parties stipulate to submit to equity jurisdiction of the court to try their cause, the court properly proceeds to a determination of all the matters at issue, though the evidence does not support the cross-bill."

2. It appears from the record that after the plaintiff, Edward Crossen, had been in possession of the

premises, farming the land for two seasons, in the fall of 1920, he moved into the City of La Grande in order to send his son to school, leaving the premises in charge of another with whom he had some negotiations for a lease of the farm. During the plaintiff's absence the defendant entered into the possession thereof. When the plaintiff returned and demanded of defendant that he surrender the premises to him he refused to do so, and in answer to plaintiff asserted that he would use force to obtain possession. Sheriff Lee Warnick, who was then present, corroborated the plaintiff in this respect. The defendant in testifying in his own behalf concerning this conversation states:

"Ed [plaintiff] came up and wanted to know if I would move, if I was going to move off, and I told him I wasn't and he asked me if I was still going to continue holding by force. I told him I didn't know as I was holding by force. I had bought this man Neal off.

"Q. What else was said?

"A. Well, he said something about putting me off, or something that way, and I told him all right. * *

"Q. State whether or not you told him that you would hold by force or words to that effect.

"A. No, sir, I didn't. I don't remember it. * *

"Q. He asked you if you would get off didn't he, and you told him no?

"A. Yes.

"Q. And he asked you if you was going to resist being put off, didn't he?

"A. I don't know as he did.

"Q. Did you tell him in that conversation that you would resist being put off the premises by force if necessary?

"A. I don't think there was anything said about force.

"Q. Well, did you mean to do that? It was your purpose to hold possession there, wasn't it?

"A. Yes.

"Q. It was your purpose to keep possession, and if he came out there and attempted to put you off you would resist, wouldn't you? And that is what you gave him to understand, wasn't it?

"A. He would have to have authority. * *

"Q. If he had gone out there and attempted to put you off the premises, you would have resisted, wouldn't you?

"A. Well, it is owing to what he had done.

"Q. Well, if he had come out there alone, and you told him you would not get off the premises, and he had said, 'here, you have got to get off,' you would have resisted it, wouldn't you?

"A. I think I would.

"Q. How?

"A. I don't believe I would have went.

"Q. You would have resisted with all the force you had, wouldn't you?

"A. I might.

"Q. Isn't that true?

"A. I don't know as I would have hurt anybody.

"Q. Well, what would you have done if he had attempted to put you off?

"A. Well, that depends on how he went at it to put me off.

"Q. Well, if he had attempted to put you off with just whatever force was necessary to put you off, you would have resisted that proposition?

"A. I would probably defended myself."

We think the testimony is uncontradicted that defendant, both by his acts and declarations, manifested an intention to hold possession of the premises by force. It is clear that plaintiff carried his efforts to regain possession of these premises as far as he could without bringing about an actual breach of the peace.

3. The rule is stated in 11 R. C. L., page 1160, Section 23, that,—

"whenever the party either by his behavior or by his speech at the time of his entry gives those who are in possession just cause to fear that he will do them some bodily harm if they do not give way to him, his entry is esteemed forcible, whether he cause the terror by taking with him an unusual number of servants or companions, or by arming himself with unusual weapons or in such a manner as plainly to indicate a design to back his pretentions by force, or by actually threatening to beat, maim or kill those who continue in possession, or by giving out such speeches as plainly imply a purpose of using force against those who shall offer resistance. There is no necessity that the force offered or intended to be offered should be resisted if the failure to resist is due to intimidation or a well founded belief that resistance will be useless. The law does not require a vain thing to be done, and in case of an entry made where the parties show by force and immoderate language their intention to hold the property, no actual collision is required."

See *Foster* v. *Kelsey,* 36 Vt. 199 (84 Am. Dec. 676, 678); *Smith* v. *Reeder,* 21 Or. 541, 548 (28 Pac. 890, 15 L. R. A. 172); note, 15 Ann. Cas. 804.

4. There may be a forcible detainer although the entry is peaceable, and as in the case of forcible entry, it is not essential that an assault should have been committed, but it is sufficient that the acts of defendant are such as to cause a reasonable apprehension of physical violence: 26 C. J., p. 804, § 9; 11 R. C. L., p. 1164, § 26; *Dickinson* v. *Maguire,* 9 Cal. 46, 49; *Ellis* v. *State,* 124 Ga. 91 (52 S. E. 147).

The plaintiff states that the reason he did not go further and attempt to put defendant off the premises was that from defendant's attitude and his state-

ments at the time, he thought that defendant would use force to retain possession of the premises, he "thought there would be trouble." From defendant's testimony this conclusion seems to have been a reasonable one.

5. The plaintiff was not required to go further and bring about an actual breach of the peace before he could resort to the courts and maintain an action of forcible entry and detainer against the defendant for the recovery and possession of the premises. Where possession of real property has been taken in his absence, and the person so in possession refuses to vacate and declares that he intends to hold possession by force if necessary, the law affords him a remedy without compelling him in his efforts to regain possession to go to the extent of bringing about an actual breach of the peace. The purpose of the statute is to provide an orderly means of obtaining possession of premises without an actual breach of the peace.

6. Whether there was a technical detention of the premises by force or not, we think that a determination of the equities set up in the answer, claiming a forfeiture of plaintiff's lease and praying for a decree of the court cancelling the lease and "that defendant's possession of the real property and premises set out in the complaint be ratified and upheld," and for equitable relief, which answer was put in issue by the reply, would necessarily determine the right of plaintiff or defendant to the possession of the premises.

If the equitable defense of defendant had been sustained by the proof and followed by a decree, plaintiff's right to the possession of the farm under his lease would have been at an end. On the contrary,

the finding of the trial court to the effect that plaintiff's lease should not be canceled, and that plaintiff is entitled to possession of the real property, effectually determined plaintiff's right to the possession of the farm under and by virtue of his lease.

Section 390, Code, as amended in 1917, provides in effect that where such an answer is filed and put in issue by a reply,

"the parties shall have the same rights in such case as if an original bill embodying the defenses or seeking the relief prayed for in such answer or reply had been filed. Equitable relief respecting the subject matter of the suit may thus be obtained by answer, and equitable defenses to new matter contained in the answer may thus be asserted by reply. When such an equitable matter is interposed, the proceedings at law shall be stayed and the case shall thereafter proceed until the determination of the issues thus raised as a suit in equity by which the proceedings at law may be perpetually enjoined or allowed to proceed in accordance with the final decree; or such equitable relief as is proper may be given to either party."

The right of the plaintiff to be restored to the possession of the premises in dispute was one of the issues expressly made by the pleadings. The plaintiff claimed and alleged that he had such right under his lease. The defendant denied this, and alleged that Crossen had forfeited such right, and that defendant was lawfully in possession and his possession should be sustained by the decree of the court. The relief that is sought grew out of the same subject matter and transaction, and was embraced within the issues before the court for determination. A decision thereon by the court was necessary to settle the matters in dispute between the parties and prevent further litigation. It was stipulated by the parties

through their attorneys in open court the issues involved, both in law and in equity, should be tried before the court without a jury at one hearing and the whole matter disposed of in one judgment and decree.

The facts set forth in the answer were cognizable, and the relief sought obtainable only in a court of equity. These were necessary to Campbell's defense. The issues having been joined by the reply the whole controversy was converted into the question as to who was rightfully entitled to the possession of the premises, and conferred upon the equity side of the court jurisdiction to decide this question and to grant to either party the relief to which he was entitled, whether the same be legal or equitable.

By virtue of Section 390, Or. L., the case stands in effect as it would if the plaintiff holding an unexpired lease of the farm and demanding possession, and the defendant being the owner of the fee and in possession of the premises had filed a complaint in equity for a cancellation of the lease, for the reason ·that Campbell had failed to farm the land in a good and husbandlike manner and had permitted waste thereon in violation of the terms of the lease, and prayed that the lease be annulled, and that defendant's possession be confirmed and declared rightful; and the plaintiff Crossen by an answer had put in issue the matters alleged in the complaint and pleaded facts showing that he was entitled to possession of the farm by virtue of his lease.

In such a suit, upon its being determined that the lease had not been breached, that defendant Crossen was entitled to the possession of the farm, and that the plaintiff Campbell was in possession of the real

property, it would necessarily follow that Campbell's possession was wrongful. There can be no question but that a court of equity would render a decree restoring Crossen to the possession of the premises and settling the controversy in a manner so that the decree could be enforced: *Plews* v. *Burrage,* 274 Fed. 881.

7. It is a well-established rule that for the purpose of avoiding more than one suit and in order that a full, complete and effectual and final decree, adjusting the rights and equities of all parties in interest may be entered and enforced, a court of equity once having assumed jurisdiction of a cause upon equitable grounds, will reach out and draw into its consideration and determination the entire subject matter, bringing before it all of the parties interested therein, and will retain such jurisdiction until all matters involved in the litigation between the parties, or growing out of and connected with the subject matter of the suit are finally disposed of, even though it is thereby required to pass on strictly legal questions, questions which otherwise would be triable in a court of law, or to grant legal remedies: 10 R. C. L., pp. 370, 371, § 120, and authorities cited.

There may, of course, be such a case where the equitable issues raised by the answer and reply would not embrace all of the matters in the law action. The case of *Hooper* v. *Pennick, ante,* p. 382 (202 Pac. 743), just decided, illustrates this.

In the present case, under the issues raised by the pleading and the facts as found by the trial court, which are amply supported by the testimony, the plaintiff Crossen is entitled to a decree against defendant Campbell for restitution of the possession of

the premises in question as asked in his complaint and reply.

The decree of the Circuit Court will be modified, and one entered in favor of plaintiff, Edward Crossen, for restitution of the possession of the premises described in the complaint and answer.

MODIFIED AND DECREE ENTERED. REHEARING DENIED.