SAVINAR COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3624.   Promulgated December 2, 1927.

*R. L. Jacobs, Esq.*, and *Herbert L. Sweet, Esq.*, for the petitioner.
*Shelby S. Faulkner, Esq.*, for the respondent.

OPINION.

ARUNDELL: The respondent has allowed as deductions only so much of M. Savinar's salary for the years in question as he drew in cash during those years. He has disallowed the balance, consisting of $1,920 for 1919 and the additional compensation for 1921 amounting to $1,000, both of which items were accrued on the books, as well as the amounts voted in 1918 for 1920 and 1921, but not entered in the books until 1921, less payments actually made. In this we think he erred.

It is clear from the testimony of two of the three members of the board of directors that the salaries were voted and directed to be paid at informal meetings of the directors. Such informal action is not forbidden and in fact is a practice frequently indulged in by close corporations such as we have here. *Cannon* v. *Farmers Union Grain Agency*, 103 Ore. 41; 202 Pac. 745. See also *Appeal of Reub Isaacs & Co.*, 1 B. T. A. 45, and *Appeal of Max Levy & Co.*, 3 B. T. A. 422, and the decisions cited therein. Accordingly, we must hold that the taxpayer incurred liability for the salaries in question. Nor is it essential that the salary voted for 1920 and a portion of the salary for 1921 was not accrued on the books until 1921. The facts rather than the bookkeeping entries must determine the allowability of the deduction. *Doyle* v. *Mitchell Bros. Co.*, 247 U. S. 179.

There is no doubt about the reasonableness of the salaries. M. Savinar was not paid to perform daily services or labor, but to give advice concerning matters of policy. This he did. He had had a great deal of experience in the line of business the taxpayer was engaged in and was well qualified to perform the services for which he was engaged. It was not necessary for him to be at the taxpayer's place of business at all times in order to perform the services for which he was paid.

Considering the volume of business transacted during the taxable periods and all of the surrounding facts and circumstances, we are of the opinion that the salaries in question are reasonable and their deduction should be permitted.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by STERNHAGEN and GREEN.