Argued October 7; modified December 9, 1930; rehearing denied
January 6, 1931

# HOPKA *v.* FORBES
### (294 P. 342)

*John Irwin* and *J. C. O'Neill,* both of Klamath Falls (O'Neill and Irwin, of Klamath Falls, on brief), for appellant.

*J. H. Carnahan,* of Klamath Falls (Fred. D. Fletcher, of Klamath Falls, on brief) for respondent.

RAND, J.  On January 14, 1925, plaintiff leased to defendant a certain storeroom in Klamath Falls for a term of five years.  The lease contained no provision for an extension of the term at the tenant's option.  It contained, however, a provision reading as follows:

"3.  At least thirty (30) days before the expiration of the term of the lease the lessee shall give the lessor written notice of an intention to surrender said premises at the expiration of such term and if such notice be not given, the lessee shall be liable for an additional monthly instalment of rent at the same rate as for the last month of the term."

The lessee failed to give notice in accordance with the above provision but continued to occupy the premises and tendered as rental for the month next following the expiration of the term a check for the sum of $200, that being the amount of the rental which had been paid for the last preceding month.  The lessor refused to accept the check but made no objection to the form of the tender, and thereafter, on January 21, 1930, commenced an action against defendant of forcible entry and detainer in the circuit court to recover possession of the premises.  Defendant filed an answer to the complaint in the action, in which he admitted plaintiff's ownership of the premises and defendant's possession thereof, and denied generally all other allegations of the complaint.  On the same day he filed

in said court a pleading denominated a cross-bill, in which he attempted to set up an equitable defense to said action. The defendant in the cross-complaint, plaintiff herein, answered, setting up an affirmative defense to which the defendant herein replied. The cause was then tried on the cross-complaint, answer and reply and plaintiff herein had decree and defendant appealed.

The filing of a cross-bill by a defendant in a law action, interposing an equitable defense to the action, is no longer permissible under our code. By chapter 95, Laws of 1917, cross-bills were especially abolished and the procedure existing prior thereto was very much simplified by the amended statute. As now provided by Oregon Code 1930, § 6-102, formerly Or. L., § 390:

"* * * in an action at law where the defendant is entitled to relief, arising out of facts requiring the interposition of a court of equity, and material to his defense, he may set such matter up by answer, without the necessity of filing a complaint on the equity side of the court; and the plaintiff may, by reply, set up equitable matter, not inconsistent with the complaint and constituting a defense to new matter in the answer. Said reply may be filed to an answer containing either legal or equitable defenses. The parties shall have the same rights in such case as if an original bill embodying the defense or seeking the relief prayed for in such answer or reply had been filed. Equitable relief respecting the subject-matter of the suit may thus be obtained by answer, and equitable defenses to new matter contained in the answer may thus be asserted by reply. When such an equitable matter is interposed, the proceedings at law shall be stayed and the case shall thereafter proceed until the determination of the issues thus raised as a suit in equity by which the proceedings at law may be perpetually enjoined or allowed to proceed in accordance with the

final decree; or such equitable relief as is proper may be given to either party. If, after determining the equities, as interposed by answer or reply, the case is allowed to proceed at law, the pleadings containing the equitable matter shall be considered withdrawn from the case, and the court shall allow such pleadings in the law action as are now provided for in actions of law. No cause shall be dismissed for having been brought on the wrong side of the court. The plaintiff shall have a right to amend his pleadings to obviate any objection on that account. * * *''

■ The case, however, was tried in the court below as if the procedure followed were proper and no objection thereto was urged by plaintiff. For that reason, we will treat the case as if the procedure provided by statute had been followed.

■ The first point raised by defendant is that, under the particular provision in the lease to which we have referred, defendant was entitled, upon payment or tender of the same amount of rental which had been paid during the month last preceding the expiration of the term, to remain in possession of the premises until and including the 14th day of February, 1930, and, therefore, the action of forcible entry and detainer had been prematurely brought. The court below, in disposing of the matters alleged in the cross-bill, found in accordance with this contention and, since the plaintiff has not appealed, the correctness of that ruling is not a question for review.

■ If the defendant had answered in the law action, setting up that defense as a plea in abatement and nothing further, under the court's ruling thereon, the action would have been dismissed. However, defendant made no such defense in the law action but set it up as a ground for equitable interposition and, upon the disposal of the other matters to which we will refer,

that defense was not available to defendant, particularly so since defendant, by the decree appealed from, was awarded possession of the premises for the month in question and was only required to surrender possession after February 14, 1930.

In the cross-complaint defendant alleged, in substance, that before the written lease was prepared for execution plaintiff and defendant had entered into a parol agreement in which it was agreed that defendant should lease the premises for the term of five years and should have an option to extend the lease for an additional term of five years and that, in drawing the lease, no provision was inserted granting defendant the option to extend the term, but when the lease was presented to defendant for execution he refused to sign the same and returned it to the plaintiff's agent for correction and that he was, at the time, informed by plaintiff's agent that if he would sign the lease the extension would be granted the same as if it had been included as one of the terms of the lease; that, relying upon such promise, he signed the lease and entered into possession of the premises and has ever since paid the rent in conformity with the terms of the lease. The cross-complaint alleges that the original agreement and the promise of plaintiff's agent were made orally and were not in writing, and no suit to reform the lease has ever been commenced. The relief prayed for by defendant in his cross-complaint was for a specific performance of these alleged oral promises.

Our statute provides that:

"No estate or interest in real property, other than a lease for a term not exceeding one year, nor any trust or power concerning such property, can be created, transferred, or declared otherwise than by operation of law, or by a conveyance or other instru-

ment, in writing, subscribed by the party creating, transferring, or declaring the same, or by his lawful agent, under written authority, and executed with such formalities as are required by law." Oregon Code 1930, § 9-905, formerly Or. L., § 804.

■ The alleged original agreement and the alleged oral promise were within the operation of the statute and void because not in writing. There is no pretense in the case that plaintiff's agent making the promise had any written authority to promise anything on behalf of plaintiff.

■ It is alleged that defendant, while in possession of the premises as a lessee, expended for furniture, "made specially and fitted to the said room at an expense of the sum of $1,500''; that he had gold signs placed upon the windows at an expense of $100, and had constructed and erected a Neon sign at an expense of $600; that he had provided floor coverings for the room at an expense of $125. Expenditures thus made, defendant claims, constituted a part performance upon his part sufficient to take the oral promise to extend the lease out of the operation of the statute. These expenditures were all made during the term of the lease and were referable to the contract of the lease for the five-year term. They were not expenditures for valuable and permanent improvements which would be sufficient to take the case out of the operation of the statute.

■ In the decree appealed from the learned trial court awarded costs and disbursements in favor of plaintiff and against defendant, although holding that the action of forcible entry and detainer had been prematurely brought, basing its action thereon, we suppose, upon its findings and decree that defendant was

not entitled to the equitable relief claimed in the cross-complaint. We think that, since the decree entered held that the action was prematurely brought, plaintiff should not have been awarded costs and disbursements in the lower court. For that reason, the decree of the court below will be modified so that defendant shall recover costs both in the circuit court and in this court, and, as so modified, the decree of the lower court will otherwise be affirmed.

Coshow, C. J., and Rossman, J., concur.

Kelly, J., concurs in the result.