Submitted on briefs March 20; affirmed April 10, 1934

# FRIEDENTHAL ET AL. *v.* THOMPSON ET AL.

(31 P. (2d) 643)

*George D. LaRoche,* of Portland, for appellants.

*Beach, Simon & Greene,* of Portland, for respondents.

CAMPBELL, J. On May 16, 1933, plaintiffs commenced an action of forcible entry and detainer and summons issued fixing Monday, May 22, at 9:15 a. m., as the time for answer. On May 20, 1933, defendants filed an answer consisting of a general denial and a further and separate defense alleging matters requiring the interposition of a court of equity and asking that a certain written lease, under which they held, be reformed to conform to a verbal agreement entered into by the parties after the execution of the lease. On May 22, 1933, at 9:15 a. m., the cause was assigned for trial and immediately thereafter plaintiffs filed their reply consisting of a general denial of the new matter in the answer. Thereupon, defendants moved for a continuance on the ground that the cause was set down for trial before it was at issue. The motion was denied and the cause referred back to the presiding judge and on the morning of May 23 it was again assigned for trial at 2:30 p. m. of said day, over defendants' objection.

The defendants' motion for continuance was supported by an affidavit of defendants' attorney in which

it was alleged, in substance, that he had had no opportunity of discussing the issues of the cause with the various witnesses that were necessary; that he wanted to have the books of defendants audited by a certified public accountant and that one of his necessary witnesses "could not be located and your affiant is advised will not be in Portland for some time" and that said witness would give testimony to substantiate certain of the allegations of defendants' equitable answer and cross-complaint. This motion was again presented to the trial judge who overruled it and proceeded to hear the cause. Thereupon, counsel for plaintiffs asked leave to amend their reply by alleging a counterclaim to defendants' equitable defense. This amendment was to the effect that since the action was commenced defendant was vacating the premises and removing therefrom all the equipment and furniture on which plaintiffs have a lien for nonpayment of rent by virtue of the lease of said premises under which defendants held. This amendment was permitted over the objection of defendants. Defendants thereupon moved to dismiss their affirmative equitable defense but, before the court ruled upon it, withdrew their motion. Thereupon, defendants refused to introduce any testimony in support of their equitable defense. Plaintiffs thereupon introduced evidence tending to sustain both the allegations in the original action and their amended reply.

After hearing, the court denied defendants the equitable relief and made findings in favor of plaintiffs and entered judgment and decree thereon of restitution of the premises to plaintiffs and also made an order in compliance with the amended reply of plaintiffs requiring defendants to replace in the building, which

was the subject of the forcible entry and detainer action, certain furniture that was removed therefrom subsequent to the filing of the complaint.

The defendants took an appeal from the judgment and decree of the court ordering defendants to "forthwith return the property described as personal property, consisting of household goods, furnishings, carpets and utensils formerly contained in the Morris Hotel"; also from the judgment wherein restitution of the premises was ordered made.

The question presented by the record in this appeal involves the construction of § 6-102, Oregon Code 1930, and of certain rules of the court of the Fourth Judicial District as applicable to an action of forcible entry and detainer.

The original law relating to the action of forcible entry and detainer was adopted by the legislature of the state of Oregon in 1866 and was intended as an expeditious method to obtain possession of real property that was being withheld from the owner by force, and gave justice courts exclusive jurisdiction in the first instance, and provided a special procedure for the trial of such causes. In 1907 the law was amended conferring the original jurisdiction also on the circuit court: Laws of 1907, Ch. 77, p. 132. In 1909 the legislature largely rewrote, and amended in many particulars, the law relating to forcible entry and detainer and gave the circuit court, as well as the justice court, original jurisdiction, but retained much of the special procedure in regard to such action and the trial thereof.

This special method of procedure and trial was retained by the legislature as a continuation of the former system with full understanding of the practice developed thereunder.

"By. the act of February 23, 1907 (Laws of 1907, p. 132), Section 5746, B. & C. Comp., was so amended as to confer concurrent jurisdiction upon the circuit court for the trial of such causes. No other change in the law was made; and the question at once arises whether the special procedure therein provided is to apply and control in the trial of such actions when brought in the circuit court, to the exclusion of the usual procedure there, or is such special procedure to be confined to the justice's court. Actions of forcible entry and detainer are of the nature of special proceedings, and are in most instances not affected by provisions relating to action generally. But the rules of practice acts and other general laws usually apply where it is not otherwise decreed. 9 Enc. Pl. & Pr. 47. Section 4 of the original act, which is Section 5748 of the Code, provided that 'such action, except as hereinafter specially provided, shall be conducted in all respects as other actions before justices of the peace'. This is an express declaration that the general rules of practice governing actions generally in that court must yield to the special provisions of the act, and, when by subsequent amendment of one of the sections of that act the same jurisdiction was conferred upon the circuit courts, it carried with it the express restrictions contained in other parts controlling the exercise of that power." Zelig v. Blue Point Oyster Co., 54 Or. 543 (104 P. 193).

"Such action, except as hereinafter especially provided, shall be conducted in all respects as other actions in courts of this state." Oregon Code 1930, § 5-215.

■ This special proceeding contemplates that when an action of forcible entry and detainer is commenced it is the duty of the judge of the court in which it is filed, at that time, to fix a day for the trial.

"The summons shall be served and returned as in other cases; such service shall be not less than two nor more than four days before the day of trial appointed by the court." Oregon Code 1930, § 5-216.

"The language referred to, 'served and returned as in other cases', only means that the service is to be made in the same manner, whether personal or otherwise * * *. It only indicates that the modes of doing these official acts is the same as in other cases although the time of appearance of the defendant is shortened after service has been obtained in this character of action." Belfils v. Flint, 15 Or. 158 (14 P. 295).

"No continuance shall be granted for a longer period than two days, unless the defendant applying therefor shall give an undertaking to the adverse party, * * * for the payment of the rent that may accrue if judgment be rendered against the defendant." Oregon Code 1930, § 5-217.

■ It is claimed by defendant that the court erred in refusing to grant him a continuance of the trial of his equitable answer and counterclaim. We cannot concur in this view. It is a well-known maxim of law that one cannot do indirectly what the law prohibits being done directly.

■ It will be observed that when the law (§ 6-102, Oregon Code 1930), relating to equitable defenses in actions at law, was amended in 1917, no mention was made of its application to special proceedings. However, the practice has been that when an action of forcible entry and detainer is filed in the circuit court the defendant may set up an equitable defense and this practice has received the sanction of this court: *Crossen v. Campbell*, 102 Or. 666 (202 P. 745); *Hopka v. Forbes*, 135 Or. 91 (294 P. 342).

"* * * When such an equitable matter is interposed, the proceedings at law shall be stayed and the case shall thereafter proceed until the determination of the issues thus raised as a suit in equity by which the proceedings at law may be perpetually enjoined or

allowed to proceed in accordance with the final decree; or such equitable relief as is proper may be given to either party. * * *'' Oregon Code 1930, § 6-102.

■■ This, however, does not mean that an equitable defense of itself stays an action for forcible entry and detainer. There is no provision in the statute making such a stay applicable to the special proceeding in an action of forcible entry and detainer. The statute does provide that the trial of such actions may not be continued for more than two days, unless the defendant applying for such continuance put up an approved bond for the payment of any rent that may accrue during the continuance: § 5-217, supra. This construction of the statute cannot injure any litigant. If a defendant in such an action desires a continuance for more than two days, all that is required of him, to give the court jurisdiction to grant an extension of time, is to file a sufficient bond, ''conditioned for the payment of the rent that may accrue if judgment be rendered against the defendant''. The imposition of this condition is not a hardship on the defendant. A large proportion of the forcible entry and detainer cases arises out of the nonpayment of rent. Defendant should not object to paying the rent that accrues during the time the court permits him to remain in the premises by reason of the continuance of the action. The plaintiff should not be kept out of possession without, at least, such an assurance that the accruing rent will be paid if he wins his case.

■ It would appear that, where the defendant asserts an equitable defense and the parties stipulate that the court may hear the whole matter without the intervention of a jury, the court may and should dis-

pose of the entire case in the equitable proceeding: *Crossen v. Campbell,* supra. However, where the court finds against the defendant on the equitable defense, a decree may be entered accordingly and the case be allowed to proceed at law.

"If, after determining the equities, as interposed by answer or reply, the case is allowed to proceed at law, the pleadings containing the equitable matter shall be considered withdrawn from the case, * * *." § 6-102, supra; Gellert v. Bank of California Nat. Ass'n., 107 Or. 162 (214 P. 377).

■ If, however, plaintiff in his reply sets up "equitable matter" by alleging facts "not inconsistent with the complaint" then "such equitable relief as is proper may be given to either party": § 6-102, supra. When both plaintiff and defendant seek the aid of equity they thereby confer jurisdiction on the court to dispose of the entire case as in a suit in equity. In such case the court may use all the powers of a court of equity including injunctive relief to maintain or restore the *status quo* as was done in the instant cause.

Much is said in the briefs of counsel regarding the rules of the court of the Fourth Judicial District. No rule of the court can change a plain provision of the statute. Taking the view that we do of the statutes, relating to the facts in this case, makes it unnecessary to discuss any of the propositions of law in reference to said rules as to how and when a suit in equity may be set down for trial in the Fourth Judicial District.

Finding no error, the judgment and decree of the circuit court will be affirmed, and it is so ordered. Neither party to recover costs or disbursements in this court.